MARY A. SCHULTZ, Respondent, *v.* THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

Torts — judgment against two defendants in action for false imprisonment and malicious prosecution — when reversal of judgment as to one defendant does not relieve the other from liability.

In an action for false imprisonment and malicious prosecution against two defendants a judgment was rendered against both. Separate appeals were taken to the Appellate Division, which unanimously affirmed the judgment on each appeal. One of the defendants, only, appealed to the Court of Appeals, where the judgment was reversed. *Held*, that, as the non-appealing defendant submitted to the judgment, by his failure to appeal to the Court of Appeals, the plaintiff can enforce it against his surety in the undertaking on the appeal to the Appellate Division. (*St. John* v. *Andrews Institute*, 192 N. Y. 382, followed and approved.)

*Schultz* v. *U. S. Fidelity & Guaranty Co.*, 134 App. Div. 260, affirmed.

(Argued February 22, 1911; decided March 14, 1911.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 16, 1909, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John G. Milburn, Edmund L. Baylies, Edwin D. Bechtel* and *Sumner S. Bowman* for appellant. When the action upon the undertaking was brought there was no liability on the part of the surety, because the original judgment in the case of *Schultz* v. *The Greenwood Cemetery and Smith,* and its affirmance by the Appellate Division of the second department had been "reversed, annulled and altogether held for nothing" by the judgment of this court and by the judgment entered upon its remittitur. (*Schultz* v. *Greenwood Cemetery Assn.*, 190 N. Y. 276; *Foo Long* v. *A. Surety Co.*, 146 N. Y.

251; *Robinson* v. *Plimpton,* 25 N. Y. 484; *Hamilton* v. *Hay,* 65 N. Y. 380; *Bennett* v. *Brown,* 20 N. Y. 99; *Ball* v. *Gardner,* 21 Wend. 270.) As the ground for recovering judgment in the action against *The Greenwood Cemetery,* sued jointly with the active participant, William Smith, was *respondeat superior,* the judgment recovered against the defendants was an entirety, both in the trial court and on affirmance by the Appellate Division. (1 Blackstone Comm. 431, 432; *Smith* v. *Shepherd,* Cro. Eliz. 710; *Bennett* v. *Judson,* 21 N. Y. 238.) Though master or servant may be sued separately for the tortious act of the servant committed in the course of his employment, a judgment obtained against a master and servant is not only an entirety, but it is an indivisible unit; it stands or falls as a unit; it cannot be affirmed or reversed in part. (*Featherston* v. *N. & C. Turnpike,* 71 Hun, 109; *Emery* v. *Fowler,* 39 Me. 326; *Warfield* v. *Davis,* 53 Ky. 33; *Kansas City* v. *Mitchener,* 85 Mo. App. 36; *Stedeker* v. *Bernard,* 102 N. Y. 327; *Altman* v. *Hofeller,* 152 N. Y. 498; *Pollock* v. *Webster,* 16 Hun, 104.)

*James C. Cropsey* and *Rufus O. Catlin* for respondent. A judgment rendered against both the master and servant for the tortious acts of the servant is not, as claimed by appellant, an indivisible unit, at least so far as the servant is concerned, for it may well be that the circumstances shown might be such as to render the servant liable without also rendering the master liable. In such a case it is well settled that an appellate court has the power to reverse the judgment as to the master and to affirm it as to the servant. (*St. John* v. *Andrews Inst.,* 192 N. Y. 382; Code Civ. Pro. § 1337; *Farleigh* v. *Cadman,* 159 N. Y. 169; *Schramm* v. *B. H. R. R. Co.,* 35 App. Div. 334.) The judgment in the action of *Schultz* v. *Greenwood Cemetery and Smith* in fact was not reversed by this court as to the defendant Smith. (2 Freeman on Judgments, § 481; *St. John* v. *Andrews Inst.,* 192 N. Y. 382; *Kelsey* v. *Western,* 2 N. Y. 500; *Robertson* v. *Bullions,* 11 N. Y. 243; *Sands* v. *Codwise,* 4 Johns. 536;

*Rooney* v. *S. A. R. R. Co.*, 18 N. Y. 368; *Roberts* v. *Johnson*, 58 N. Y. 613; *Matter of Comrs. of Central Park*, 50 N. Y. 493.) The defendant is liable upon the undertaking which it gave on behalf of both defendants on the appeal to the Appellate Division in the action of *Schultz* v. *The Greenwood Cemetery and Smith*, notwithstanding the fact that the judgment has been reversed as to one of the defendants. (*Seacord* v. *Morgan*, 3 Keyes, 636; *Goodwin* v. *Bunzl*, 18 J. & S. 441; 102 N. Y. 224.)

*Per Curiam.* This action was to enforce an undertaking, which had been given by the defendant upon an appeal in a former action from a judgment recovered by this plaintiff against certain other parties. That action was for the false arrest and the malicious prosecution of the plaintiff and was brought against the Greenwood Cemetery and William Smith. Smith was a special police officer of the city of New York and was in the employment of the Cemetery. He was instructed, among other things, to arrest persons for picking flowers in cemetery lots and he had arrested and prosecuted the plaintiff for that offense; but the case against her was dismissed. She then commenced her action, making both Smith and the Cemetery defendants, and she recovered a verdict; upon which a judgment was entered against both defendants. Each of these defendants had appeared separately, and by different attorneys, and each separately appealed from the judgment to the Appellate Division. The appellants duly furnished an undertaking, wherein this defendant undertook that "if the judgment so appealed from is affirmed, or the appeal is dismissed, the appellants will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed." The Appellate Division affirmed the judgment unanimously and refused an application for leave to appeal to this court, which the Greenwood Cemetery made. Subsequently, the application was renewed by the Cemetery, in its own behalf, to a judge of this court, by whom it was granted, and an appeal was taken by that

defendant, alone.   In this court, after hearing the appellant, the judgment so appealed from was reversed and a new trial in the action was ordered.   Demand was made upon this defendant for the payment of the judgment for damages, as affirmed against the defendant Smith, and, upon refusal, this action was brought; in which this plaintiff's claim has thus far been sustained.

We think the judgment below was right.   The contention of the appellant is quite unsound, in the proposition that the reversal by this court of the judgment in the other action, upon the Cemetery's appeal, annulled it as to the non-appealing defendant as well and, therefore, that the obligation of this appellant, as surety, was wholly discharged. . The judgment, which was entered in that other action against the two defendants, was not entire, in the sense that it was incapable of several enforcement.   The defendants were severally, as well as jointly, liable for the tort alleged to have been committed upon the plaintiff.   The fact is that the jury returned a verdict for the sum of $4,000 against each defendant and the judgment was entered against them both for that amount and the costs.   The action being in tort, the plaintiff was at liberty to proceed against one, or both, of the wrongdoers. The Cemetery was concerned in the commission of the tort by its employé, if acting under its orders, and could be held responsible for his tortious acts.   While it is true that its liability depended upon a case being made out against Smith, the latter's liability was independent and, however the servant of the corporation, he was responsible to others for his own wrongful acts; whether committed as the individual, or as the police officer detailed to serve the Cemetery. Regarded as master and servant, the Cemetery and Smith could be sued separately for the latter's tortious acts; but if sued jointly therefor and notwithstanding the issue was identical, that would not prevent a judgment, in form against them both, from being enforceable, or appealable, severally. Whether a judgment is joint, or several, will depend in all cases upon what were the circumstances.   The inquiry will

be whether the facts showed a judgment binding upon the defendants jointly, as in the case of joint obligors, or of a judgment ·binding upon the defendants severally, because based upon a liability, in its nature, individual, or distinct. In this case, Smith was a special police officer, whose duty it was to arrest persons committing crimes, and if, in the performance of that duty, he made an unjustifiable, or false, arrest, and acted maliciously, he rendered himself amenable to an action and, also, the Cemetery, if his acts were within the scope of his instructions. The wrong of the servant might be the wrong of the master; but the acts would be those of the individual, nevertheless.

When, therefore, the jury returned a verdict against each defendant, the judgment entered, though in form against both for the amount, was a joint and a several one. It was optional with each defendant to appeal from the judgment, or to submit to it. Each did appeal, separately, and by different attorneys. When the Appellate Division affirmed the judgment, by the unanimous vote of the justices, it became by the statute a final determination ; unless leave to appeal to this court was given by the Appellate Division, or, failing there, by a judge of this court. The defendant Cemetery, only, applied for, and eventually obtained, such leave. In this court the judgment, thus brought up, was only known by the Cemetery's appeal and its reversal annulled it as against the only defendant before this court. The defendant Smith had submitted to the judgment, in fact as in legal contemplation, and the plaintiff could enforce it, being joint and several, against him, or against his surety in the undertaking on his appeal. He voluntarily withdrew from the litigation and while the defendant, as surety, might have, very possibly, arranged for an appeal to be taken, through consent, or subrogation, not having done so, it remained liable for Smith's debt under the judgment. This may have been inadvertent and, therefore, may seem hard, in view of the result obtained by the Cemetery ; but no other conclusion is possible.

Further discussion is unnecessary. The recent opinion in

the case of *St. John* v. *Andrews Institute*, (192 N. Y. 382), sufficiently discussed the rule in question in the light of the authorities and this expression of our views is to confirm the general doctrine there asserted in its application to this case.

The judgment should be affirmed.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., absent.

Judgment affirmed, with costs.