Max Bernstein, Plaintiff, *v.* Milton Siegel et al., Defendants.

Supreme Court, Special Term, Kings County, September 22, 1953.

*Denis M. Hurley, Corporation Counsel* (*Sidney B. Fisher* and *Abraham Satran* of counsel), for City of New York, defendant.

*Samuel Spevack* for plaintiff.

*Harry P. Rich* for Milton Siegel, defendant.

BRENNER, J. This is a motion by the city of New York for an order permitting it to deposit with the city treasurer the sum of $2,596.73, with interest thereon at 4% from May 6, 1952, as its proportionate share of a judgment recovered by the plaintiff, and directing the County Clerk to discharge such judgment as against the defendant city of New York.

On May 6, 1952, plaintiff entered a judgment against both defendants in the sum of $10,195.65 for personal injuries sustained by him as a result of the negligence of the defendants in the operation of their respective motor vehicles. The defendant Milton Siegel then paid plaintiff $2,595.63 and received a partial satisfaction which was filed May 19, 1952, and which provided that the sum of $7,600.02 remained unpaid. Thereafter the defendant city of New York appealed from the judgment, in which appeal the defendant Siegel did not join. Nor did such defendant separately appeal. Following such appeal by the city of New York plaintiff filed a stipulation consenting to the reduction of the verdict as against the city of New York to the sum of $5,000. The plaintiff thereupon entered a judgment reducing the original judgment to $5,000 as against the city of New York. Subsequently the city of New York advised plaintiff's attorney that it would pay plaintiff $2,596.73 plus 4% interest as its proportionate share of the reduced judgment

of $5,000. Plaintiff's attorney refused to accept the said sum contending that the city of New York could not credit itself with the payment made by the codefendant and was responsible to the plaintiff for the full amount of such reduced judgment of $5,000.

The reduced judgment, entered upon consent and after appeal, not only reduced the liability of the city of New York to $5,000 but as to the city of New York it had the effect of modifying the original judgment. In consequence there is in fact a single judgment involving two distinct liabilities: (1) by the city of New York and Siegel for $5,000 and (2) by Siegel solely for $10,000. The defendant Siegel, not having appealed from the judgment, cannot take advantage of the modification (*St. John* v. *Andrews Inst.*, 192 N. Y. 382; *Schultz* v. *U. S. Fidelity & Guar. Co.*, 201 N. Y. 230). The plaintiff's acceptance of a partial satisfaction by Siegel of the judgment of $10,000 partially satisfied the obligation by the city of New York to the extent of the payment made. It is settled law that a satisfaction of a judgment recovered against joint tort-feasors operates to release the other joint tort-feasors (*Sarine* v. *American Lumbermen's Mut. Cas. Co.*, 258 App. Div. 653; *Parks* v. *City of New York*, 111 App. Div. 836, affd. 187 N. Y. 555; *Collins* v. *Smith*, 255 App. Div. 665; Restatement, Judgments, § 95, subd. b) and if there has been a partial satisfaction of a judgment it " operates to diminish the amount of a claim against other persons liable for the same harm or upon the same obligation in the same way that a payment before judgment diminishes the claim. This is true although it was agreed between the payor and the plaintiff that the payment was to have no effect upon the claims against the other." (Restatement, Judgments, § 95, subd. e; see, also, 65 A. L. R. 1090.) Accordingly, the sum of $2,596.73 is the difference between the maximum liability of the city of New York, to wit, $5,000, together with costs and interest and the amount paid by the codefendant. That is the presently outstanding liability of the city of New York. Upon payment by the city of New York of this difference the judgment as to Siegel of $10,000 will have been satisfied to the extent of $5,000, leaving a balance of $5,000 which may be asserted only against said defendant Siegel. The satisfaction of the judgment by the city of New York, to the extent of its liability, does not bar the plaintiff from pursuing payment of the balance of the judgment as to Siegel. Since such satisfaction is merely a partial satisfaction of the entire judgment and not a satisfaction of a separate judgment, the rule of law that payment

of a judgment recovered against joint tort-feasors constitutes satisfaction of the wrong and of all outstanding judgments predicated thereon (*Sarine* v. *American Lumbermen's Mut. Cas. Co., supra*) does not apply.

It should be said, in passing, that this determination does no violence to the principle of contribution by joint tort-feasors. Nor does it alter the objective of section 211-a of the Civil Practice Act which seeks to avoid a payment by one joint tort-feasor of more than his prorata share of a single judgment. For here, each defendant actually is benefited to the extent of the payment made by the other. Nor is the plaintiff's recovery affected by the within determination. He chose to voluntarily reduce the sum to be recovered from the city of New York but he must be content to accept that reduced sum in the manner legally permissible.

Accordingly the motion is granted. Upon delivery to the Kings County Clerk of a deposit of $2,596.73, with interest thereon at 4% from May 6, 1952, together with a certificate of the Sheriff of the County of Kings, dated on the date of such deposit, that no execution upon the judgment is in his hands, the clerk shall enter upon the judgment docket the words '' satisfied and discharged as to the City of New York by deposit '' in accordance with the provisions of subdivision 4 of section 530 of the Civil Practice Act. Settle order on notice.