Francis X. Conlon, J.
As a result of the decision of the Appellate Division (5 A D 2d 824) and the infant plaintiff’s consent to a reduction of the verdict against Tidewater, the latter is liable for $16,500, plus interest and costs (Schultz v. United States Fidelity & Guar. Co., 201 N. Y. 230; Bernstein v. Siegel, 204 Misc. 750). Tidewater’s present motion, to the extent that it seeks to have the judgment entered against both defendants reduced to $16,500, is, accordingly, denied. Insofar as Tidewater seeks an order permitting it to make a deposit into court, the motion is likewise denied. No order of the court is necessary under subdivision 4 of section 530 of the Civil Practice Act. Furthermore, the deposit under that section must include ‘ ‘ a sum equal to two per centum of said judgment ’ ’, whereas the deposit proposed by Tidewater does not include said 2%.
To the extent that Tidewater seeks to compel the codefendant to pay a specified part of the judgment, the motion is also denied, as premature. Until Tidewater has made a payment or a deposit into court, it is in no position to move for contribution under section 211-a of the Civil Practice Act.
Insofar as relief is sought against the County Clerk, the motion is also denied, as premature. Until a deposit of the amount required by subdivision 4 of section 530 has been made, Tidewater is not entitled to any relief against the County Clerk.
It is unnecessary, for the purposes of the present motion, to decide the effect of the alleged agreement between Commercial Casualty Insurance Co. and the codefendant.