[Civ. No. 25432.   Second Dist., Div. Four.   Dec. 21, 1961.]

KATHE HEVES, Plaintiff and Respondent, v. ROBERT KERSHAW, Defendant and Appellant.

Early, Maslach, Foran & Williams, Steve Stothers and Harry Boyd for Defendant and Appellant.

Hecker, Dunford & Kenealy and James N. Kenealy, Jr., for Plaintiff and Respondent.

BALTHIS, J.—Defendant Kershaw appeals from an order denying his motion for satisfaction of a judgment against him.

On July 15, 1958, defendant Benardo, while driving an automobile owned by defendant Kershaw, was involved in an accident with the pedestrian plaintiff. Benardo was a minor and his driver's license application had been signed and verified by his mother, defendant Esther Halfon. Plaintiff sued the minor operator, the owner and the parent-signer and recovered judgment for $19,000. Pursuant to stipulation the judgment against the owner, defendant Kershaw, was limited to $5,000, and the judgment against the parent-signer, defendant Halfon, was limited to $5,000. The judgment reads

in part: "It is ordered, adjudged, and decreed that said plaintiff, Kathe Heves, have and recover from said defendants Edward Benardo, a minor, . . . and Robert Kershaw, . . . jointly and severally, the sum of $5,000.00; from said defendants Edward Benardo, a minor, . . . and Esther Halfon, jointly and severally, the additional sum of $5,000.00; and from said defendant Edward Benardo, a minor, . . . the additional sum of $9,000.00."

On August 26, 1960, the sum of $10,000 was paid to plaintiff and she acknowledged satisfaction of the judgment against defendant Halfon in the amount of $5,000 and acknowledged a partial satisfaction against defendant Benardo in the sum of $10,000. The partial satisfaction reads: "Plaintiff hereby acknowledges full satisfaction as against the defendant ESTHER HALFON against whom the judgment was in the sum of $5,000.00, and acknowledges a partial satisfaction against the defendant EDWARD BENARDO in the sum of $10,000.00 plus costs in the sum of $159.70. The sum of $9,000.00 on the judgment of $19,159.70 remains outstanding and unsatisfied, $5,000.00 of which is against defendant ROBERT KERSHAW."

While the record does not show who made the payment of $10,000, it is conceded that this payment was not made by defendant Kershaw.

Defendant Kershaw contends that payment by one tortfeasor on a judgment against several tortfeasors should be a credit as to each tortfeasor in the total amount of the payment. On the other hand, plaintiff contends that the liability of the owner to the injured party is direct and primary, and no payment having been made by the owner, no satisfaction of judgment should be ordered.

The question presented is whether after the application of the first $5,000 to satisfy the joint liability of the parent-signer and operator ($5,000), the remaining $5,000 should be applied to satisfy the joint liability of owner and operator ($5,000) or should be applied on account of the separate additional liability ($9,000) of operator alone.

In our opinion the joint liability created by the judgment against the owner and operator must be satisfied before any payment is used to satisfy the additional individual or several liability portion of the judgment against the operator.

We do not think the case of *Sawyer* v. *Zacavich,* 178 Cal.App.2d 605 [3 Cal.Rptr. 6], cited by plaintiff, is in any way opposed to the conclusion above mentioned. In the

*Sawyer* case, the action was brought against the operator (a minor), the stepfather who had signed and verified the minor's application for a driver's license, and the owner of the automobile operated by the minor. In a jury trial, the verdict was in favor of plaintiff and against defendants for $15,000. Judgment was against the defendants (minor, parent and owner) jointly, for $5,000; and against the minor "for the further sum of $10,000." The judgment further provided that the payment of $5,000 "shall constitute full satisfaction of this judgment as to the defendants Edward Zacavich [parent] and Elsa Pearl Strother [owner], and satisfaction to said extent as to defendant Marshal Zacavich [minor]." On appeal from that portion of the judgment providing that a payment of $5,000 would satisfy the judgment against the owner and parent the court held that the liabilities were separate and cumulative, saying, "It cannot properly be said that the legislative intent was that there should be only one liability or recovery under said sections where the owner and the signer are different persons. The liabilities of the owner and the signer under said sections 402 and 352 of the Vehicle Code, where the owner and the signer are different persons, are separate and cumulative liabilities. The judgment should be modified so that it will provide that plaintiff is entitled to recover $5,000 from the owner and $5,000 from the signer of the minor's application." (P. 613.)

We agree with the *Sawyer* case and if only a $5,000 payment had been made here (presumably by the parent) it would have satisfied only the joint liability of the parent and operator (as to $5,000) and left the liability of the owner outstanding because that liability, as held in *Sawyer,* is separate and cumulative.

In the instant case, the sum of $10,000 was paid and this is sufficient to pay both the joint liability of *parent-signer* and operator ($5,000) and the joint liability of *owner* and operator ($5,000). ▉▉▉ These two joint liabilities must be satisfied before there is any application of the payment to the individual liability of the operator.

▉▉ The code sections dealing with the statutory liability of the owner (based upon imputed negligence) indicate the legislative intent to satisfy the joint liability of owner and operator before satisfaction of the individual and separate liability of the operator. At the time of the accident involved here, July 15, 1958, section 402, subdivision (a) (now § 17150) of the Vehicle Code provided for the statutory liability of the

owner based upon imputed negligence. Section 402, subdivision (b) (now § 17151) limited the owner's liability to $5,000. Section 402, subdivision (c) (now § 17152) provided that in any action against operator and owner, "Upon recovery of judgment, recourse shall first be had against the property of said operator. . . ." Section 402, subdivision (d) (now § 17153) provided that the owner is subrogated to all rights of the injured party and may recover from the operator the total amount of any judgment recovered against the owner.

The intent of these sections is to make it clear that as between *operator* and *owner,* the primary liability is that of the operator and the liability of the owner is secondary. The owner's liability is like that of a guarantor as to the $5,000 joint liability of owner and operator. Hence, any payment made by the operator (the minor driver in this case) must be applied first to satisfy the liability of the guarantor. This is in no way prejudicial to the rights of the injured party as far as the collection of this joint liability of owner and operator is concerned. Such joint liability must be satisfied before application of any payments to the separate and additional liability of the operator beyond the amount of the owner's liability.

It should be emphasized that there is no conflict here as to priority of satisfaction of judgment as between the parent-signer and the owner. That part of the judgment dealing with the liability of the parent-signer having been satisfied, and there being no question on this appeal as to the propriety of the satisfaction against the parent-signer, we are only concerned with the priority of satisfaction as between owner and operator.

While the liability imposed by section 17150 of the Vehicle Code upon the owner is a primary and direct liabiliity insofar as the injured party is concerned, it is nevertheless secondary as between such owner and the person operating the car with his permission. (*Broome* v. *Kern Valley Packing Co.,* 6 Cal.App.2d 256, 261 [44 P.2d 430].) Thus, the owner is protected from the results of the operator's negligence insofar as this may be done between these two parties by giving the owner the rights of recourse to the operator's property and subrogation (Veh. Code, §§ 402, subd. (c) and 402, subd. (d), now §§ 17152 and 17153).

In passing, it may be noted that these rights of subrogation and recourse are given to the owner and not to the parent-signer.

It is clear that the joint liability of owner and operator, which is that part of the judgment being examined here is that of joint tortfeasors. As to this phase of the question, the case relied upon by defendant Kershaw, *Bernstein* v. *Siegel*, 204 Misc. 750 [126 N.Y.S.2d 13], is in point. In that case a $10,000 judgment was rendered against the City of New York and defendant Siegel. Defendant Siegel paid $2,595.63 and received a partial satisfaction of judgment in that amount. The City of New York appealed and finally in settlement stipulated with plaintiff that the judgment against the city be reduced to $5,000. The court stated as follows: (pp. 15-16) ''The reduced judgment, entered upon consent and after appeal, not only reduced the liability of the City of New York to $5,000 but as to the City of New York it had the effect of modifying the original judgment. In consequence there is in fact a single judgment involving two distinct liabilities: (1) by the City of New York and Siegel for $5,000 and (2) by Siegel solely for $10,000. The defendant Siegel, not having appealed from the judgment, cannot take advantage of the modification. [Citations.] The plaintiff's acceptance of a partial satisfaction by Siegel of the judgment of $10,000 partially satisfied the obligation by the City of New York to the extent of the payment made. It is settled law that a satisfaction of a judgment recovered against joint tort-feasors operates to release the other joint tort-feasors [citations], and if there has been a partial satisfaction of a judgment it 'operates to diminish the amount of the claim against other persons liable for the same harm or upon the same obligation in the same way that a payment before judgment diminishes the claim. This is true although it was agreed between the payor and the plaintiff that the payment was to have no effect upon the claims against the other.' Restatement of Law of Judgments, Sec. 95e; see also 65 A.L.R. 1090. Accordingly, the sum of $2,596.73 is the difference between the maximum liability of the City of New York, to wit, $5,000, together with costs and interest and the amount paid by the co-defendant. That is the presently outstanding liability of the City of New York. Upon payment by the City of New York of this difference the judgment as to Siegel of $10,000 will have been satisfied to the extent of $5,000, leaving a balance of $5,000 which may be asserted only against said defendant Siegel.''

As to the recognition of the rule that payment by one joint tortfeasor may be used as a credit on the liability of another, see 2 Witkin, Summary of California Law (7th ed. 1960)

Torts, section 18, page 1187; *Laurenzi* v. *Vranizan,* 25 Cal.2d 806 [155 P.2d 633].

In our opinion the recognition of the priority of satisfaction of judgment in favor of the owner as against the operator does not prejudice the legal rights of plaintiff, the injured party. ██  While the liability to the injured party is direct (*Broome* v. *Kern Valley Packing Co.,* 6 Cal.App.2d 256 [44 P.2d 430]) and is cumulative to the liability of parent-signer (*Sawyer* v. *Zacavich,* 178 Cal.App.2d 605 [3 Cal.Rptr. 6]), it still must be recognized that the legislation creating the statutory liability of the owner must be strictly construed in favor of the persons sought to be subjected to its operation (*Cook* v. *Superior Court,* 12 Cal.App.2d 608, 610-611 [55 P.2d 1227]; *Jones* v. *Allen,* 185 Cal.App.2d 278, 281-282 [8 Cal.Rptr. 316]). This interpretation is in no way inconsistent with the language in the recent case of *Peterson* v. *Grieger, Inc.,* 57 Cal.2d 43 [17 Cal.Rptr. 828, 367 P.2d 420], that "former section 402 must in general be liberally construed in accordance with 'the palpable intent of the Legislature to impose a new liability consonant with new conditions.' "  (See 57 Cal.2d 43, at p. 51.)  The California Supreme Court there said in a footnote to the above quotation that, "The asserted rule of strict construction has been legitimately applied in certain situations, however," and referred to *Jones* v. *Allen, supra,* and *Cook* v. *Superior Court, supra,* as examples.  (See 57 Cal.2d 43, at p. 51.)

In the instant case the injured party should not have the right to so apply payments made by the operator as to keep alive the liability of the owner until the last $5,000 is paid on account of the total sum of the judgment. While it might be more convenient for plaintiff to credit the several liabilities of the operator and to keep alive the joint statutory liability of the owner, this would not be consistent with the rights as between owner and operator, particularly the right of *recourse* given to the owner against the operator (Veh. Code, § 402, subd. (c), now § 17152).

██  Considering the rights of all the parties, as clearly established by the statutes, the payment of $10,000 here, which has been acknowledged by plaintiff, must be applied to satisfy the joint and several liability ($5,000) of defendants Benardo (operator) and Esther Halfon (parent-signer), and the joint and several liability ($5,000) of defendants Benardo (operator) and Kershaw (owner), leaving unsatisfied the additional

and separate liability of defendant Benardo (operator) in the sum of $9,000.

The order of the trial court denying defendant Kershaw's motion to compel satisfaction of the judgment against him is reversed and the trial court is directed to enter full satisfaction of the judgment against said defendant.

Burke, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 14, 1962.