[Civ. No. 31432. First Dist., Div. One. Mar. 12, 1974.]

ELANORE K. DOW et al., Plaintiffs and Appellants, v.
CAROL BRITT, as Administratrix, etc., et al.,
Defendants and Respondents

**COUNSEL**

Everitt L. Mossman and Michael G. Ioakimedes for Plaintiffs and Appellants.

Spridgen, Barrett, Achor, Luckhardt, Anderson & James and James B. Hinton for Defendants and Respondents.

**OPINION**

**MOLINARI, P. J.**—On this appeal by plaintiffs from a summary judgment in favor of defendants the sole issue is whether a $20,000 payment made by an insurance carrier satisfied the liability of defendant parents for the personal injuries sustained by plaintiff Elanore K. Dow (hereinafter "Elanore") as the result of the negligence of the son of said defendants. We answer this question in the affirmative and accordingly affirm the judgment.

On October 13, 1966, a collision occurred in the State of Washington between an automobile driven by James C. Waterman (hereinafter "Waterman") and one driven by Ronald F. Dow (hereinafter "Ronald") in which Elanore was a passenger. Waterman, a minor, died as a result of the accident, and both Dows sustained personal injuries. The Dows brought an action in Washington against the administrator of Waterman's estate. Judgment was entered in favor of Ronald for $20,000 and in favor of Elanore for $350,000.

At the time of the accident Waterman was insured by Farmers Insurance Group (hereinafter "Farmers") by a policy providing for bodily injury liability insurance, where more than one person was injured, in the amount of $20,000. Farmers deposited the sum of $20,000 with the clerk of the Washington court in partial satisfaction of the judgment entered in favor of plaintiffs.

The automobile driven by Waterman at the time of the accident was registered and licensed in California. The registered owners were Waterman's parents who resided in California. Prior to the accident Waterman's parents had signed and verified Waterman's application for a California driver's license. The parents were dismissed as parties defendant in the Washington action. There is no judgment rendered or outstanding against them as a result of the subject accident.

The instant action is by Elanore against Waterman's parents. It seeks to impute liability to them under California law, and in particular, pursuant to Vehicle Code sections 17707 and 17708.[1] Section 17707[2] provides that any civil liability of a minor arising out of his driving a motor vehicle upon a highway during his minority is imposed upon the person who signs and verifies the application of a minor for a license. Section 17708[3] provides that any civil liability of a minor, whether licensed or not,

---

[1] Unless otherwise indicated all statutory references hereinafter made are to the Vehicle Code.

[2] At all times pertinent section 17707 provided: "Any civil liability of a minor arising out of his driving a motor vehicle upon a highway during his minority is hereby imposed upon the person who signed and verified the application of the minor for a license and the person shall be jointly and severally liable with the minor for any damages proximately resulting from the negligence or wilful misconduct of the minor in driving a motor vehicle, except that an employer signing the application shall be subject to the provisions of this section only if an unrestricted driver's license has been issued to the minor pursuant to the employer's written authorization."

[3] At all times pertinent section 17708 provided: "Any negligence or wilful misconduct of a minor, whether licensed or not under this code, in driving a motor vehicle upon a highway with the express or implied permission of the parents or the person or guardian having custody of the minor shall be imputed to the parents, person, or

arising out of his driving a motor vehicle upon a highway with the express or implied permission of the parents, is imposed upon the parents.

Defendants moved for a summary judgment on the basis that their potential statutory liability under California law had been fully satisfied by reason of Farmers' payment on behalf of their son in the Washington action. The motion was granted and a judgment of dismissal entered.

At the time of the accident in this case section 17709 provided, in pertinent part, as follows: "(a) No person, or group of persons collectively to whom negligence or willful misconduct is imputed shall incur liability under Sections 17707 and 17708 in any amount exceeding ten thousand dollars ($10,000) for injury to or death of one person as a result of any one accident or, subject to the limit as to one person, exceeding twenty thousand dollars ($20,000) for injury to or death of all persons as a result of any one accident . . . ."

■ There are no factual issues. The issue presented is a question of law. Where no triable issues are presented, a question that is solely one of law may nevertheless be determined by the trial court on a motion for summary judgment. (*Wilson* v. *Wilson,* 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; *Nelson* v. *United States Fire Ins. Co.,* 259 Cal.App.2d 248, 251 [66 Cal.Rptr. 115].)

■ Defendants' liability is a vicarious one. (*Savage* v. *Emery,* 255 Cal. App.2d 603, 605 [63 Cal.Rptr. 566].) It is a joint and several liability for any damages proximately resulting from the negligence or wilful misconduct of the minor in driving a motor vehicle (§§ 17707, 17708; *Savage* v. *Emery, supra*). Defendants, although joint tortfeasors with their son, are not independent tortfeasors but joint tortfeasors by reason of the vicarious liability imposed upon them by the statutes. (*Savage* v. *Emery, supra.*) Accordingly, since defendants' liability was a joint one with their son, the payment or partial satisfaction of the judgment recovered against their son operated to release defendants to the extent of their statutory liability. (*Savage* v. *Emery, supra,* at pp. 605-606.)

In *Savage* defendant parent signed the application of his minor daughter for a driver's license. While driving a vehicle owned by a third person the minor struck one driven by the plaintiff, causing injuries to the latter. The plaintiff filed an action against the minor and recovered a judgment in the sum of $4,000 which was satisfied in full. The plaintiff then filed a

guardian and the parents, person, or guardian shall be jointly and severally liable with the minor for any damages proximately resulting from the negligence or wilful misconduct."

separate action against the minor's parent predicating liability under section 17707. The parent pleaded the judgment in the first action and it was held that the payment of the judgment satisfied the plaintiff's cause of action against the parent upon the rule that a cause of action is satisfied as to all joint tortfeasors once the injured party was paid for his injury by one joint tortfeasor. (255 Cal.App.2d at pp. 605-606.)

The distinction between *Savage* and the present case is that in *Savage* the judgment in the first action was satisfied in full, while in the instant case it was partially satisfied. This circumstance does not alter the principles there articulated in their application to the present case. Since the liability of defendants and their minor son was joint the partial satisfaction of the judgment against the son in an amount which equalled the statutory liability of defendant parents released them from their statutory liability.

The case of *Heves* v. *Kershaw*, 198 Cal.App.2d 340 [17 Cal.Rptr. 837], though concerned with the priority of satisfaction as between owner and operator rather than the propriety of the satisfaction against the parent-signer, articulates principles similar to those applied in *Savage*.

In *Heves*, the defendant minor was driving a car owned by defendant Kershaw when he was involved in an accident with a pedestrian. The pedestrian sued the minor, Kershaw and the minor's mother who had signed and verified the minor's license application. The defendant recovered a judgment against all defendants for $19,000. The judgment against Kershaw and the mother was limited to $5,000 for each of them, the statutory limit at that time. Heves accepted $10,000 and acknowledged satisfaction of the judgment against the mother and a partial satisfaction against the minor in the sum of $5,000. The record did not show who made the payment but it was conceded that it was not made by Kershaw. Subsequently, Kershaw moved for satisfaction of the judgment against him and the motion was denied. On appeal the order was reversed. The court held that the joint liability created by the judgment against Kershaw and the minor was required to be satisfied before any payment was used to satisfy the additional individual or several liability of the judgment against the minor, and that when the sum of $10,000 was paid it was sufficient to pay both the joint liability of the parent-signer and the joint liability of Kershaw and the minor. (198 Cal.App.2d at pp. 342-343.)

Although *Heves* holds that statutes applicable to the owner-operator relationship disclose a legislative intent to satisfy the joint liability of the owner and operator before satisfaction of the individual and separate lia-

bility of the operator (198 Cal.App.2d at p. 342; §§ 17150, 17151, 17152, 17153), it makes it clear that such joint liability is that of joint tortfeasors. (198 Cal.App.2d at p. 345.) Accordingly, as did the court in *Savage*, *Heves* applied the rule that a satisfaction of a judgment against joint tortfeasors operates to release the other joint tortfeasors and that if there has been a partial satisfaction of a judgment it operates to diminish the amount of the claim against other persons liable for the same harm or upon the same obligation in the same way that a payment before judgment diminishes the claim. (198 Cal.App.2d at p. 345; see Rest., Judgments, § 95(e); *Bernstein* v. *Siegel*, 204 Misc. 750, 752 [126 N.Y.S.2d 13, 15-16].)

Under these principles the total statutory liability of defendants was satisfied by the payment made by Farmers in the sum of $20,000. Their liability was not separate and cumulative but joint and several. Once the maximum amount for which they could be held liable was paid by their son's insurance carrier defendants' maximum liability was satisfied.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.