[Civ. No. 2493. Fifth Dist. Feb. 3, 1976.]

ALVIN M. YOUNG, Plaintiff and Appellant, v.
BERRY EQUIPMENT RENTALS, INCORPORATED, Defendant and
Respondent.

## COUNSEL

Kane, Canelo & Walker and Regis J. Amann for Plaintiff and Appellant.

Cardozo, Nickerson & Martelli and Paul L. Martelli for Defendant and Respondent.

## OPINION

**FRANSON, J.—**

### STATEMENT OF THE CASE

The action arises out of appellant Young's injury on a construction job on August 13, 1971. He was working on a new wing of the Emanuel Hospital in Turlock and was ordered by his employer to climb to the top of a 12-foot tower to direct the pouring of cement into the tower. The cement was hoisted above him and positioned for its drop by a forklift vehicle, owned by respondent and driven by George Montero, a fellow-employee. Appellant's employer had rented the forklift from respondent for use on the job. Because of the negligence of Montero, the forklift crashed into the tower causing severe personal injury to appellant.

Appellant received workmen's compensation benefits of $6,866.64. He also filed a complaint in the superior court against various defendants, including a fourth cause of action against the respondent, for vicarious liability based upon respondent's ownership of the forklift, as provided by section 17150 of the Vehicle Code. Respondent denied the allegations and alleged a limitation of its liability to $15,000 as provided by section 17151, subdivision (a), of the Vehicle Code.

On February 16, 1973, the jury returned a verdict in favor of all defendants. However, on April 12, 1973, pursuant to a motion by appellant, a judgment notwithstanding the verdict was entered against respondent, and a new trial was granted to appellant solely on the issue of damages.

On April 20, 1973, appellant moved to file an amended complaint alleging as a new theory of liability that respondent had been negligent in entrusting the forklift to an incompetent operator and had violated

construction safety orders governing the maintenance and operation of the forklift. The trial court denied the motion on the ground that the new trial was on the issue of damages only.

The new trial was held on June 24, 1974, before the court without a jury. It was stipulated that Montero had been negligent in the operation of the forklift and that appellant's minimum damages amounted to $21,866.64. Judgment was entered for appellant in the sum of $8,133.36.

## DISCUSSION

Appellant makes two contentions on appeal: first, that the trial court abused its discretion in denying him leave to amend his complaint to assert a new theory of liability against respondent. Second, that the court erred in not awarding him a judgment for $15,000.

## DENIAL OF LEAVE TO AMEND

Code of Civil Procedure section 473 allows the trial court to grant leave to amend pleadings at any stage of the proceedings, and the exercise of this authority is within the sound discretion of the judge. (*Permalab-Metalab Equipment Corp.* v. *Maryland Cas. Co.* (1972) 25 Cal.App.3d 465, 472 [102 Cal.Rptr. 26].) ▮ Amendments proffered after judgment is rendered, however, are allowed only if the judgment is vacated as by granting a motion for new trial. (See *King* v. *Unger* (1938) 25 Cal.App.2d 632, 635 [78 P.2d 255]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 1054, p. 2630.)[1]

The courts today are quite liberal in allowing amendments to pleadings with relation-back effect for statute-of-limitation purposes, even if the amendment results in a new cause of action. The test is whether the recovery is sought on the same "general set of facts." (*Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 584-585 [86 Cal.Rptr. 465, 468 P.2d 825]; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600-601 [15 Cal.Rptr. 817, 364 P.2d 681].)

---

[1]In this case a new trial was granted to appellant only as to the issue of damages. At oral argument, appellant for the first time asserts that the court erred in entering a judgment notwithstanding the verdict against respondent and then ordering a new trial as to damages only. He points out that this resulted in a piecemeal entry of two judgments contrary to the "one final judgment" rule. (See *Jach* v. *Edson* (1967) 255 Cal.App.2d 96, 101 [62 Cal.Rptr. 925].) However, the error was invited by appellant—he asked the trial court to so rule—and he is estopped to complain about it on appeal. (6 Witkin, Cal. Procedure (2d ed.) Appeal, § 266, p. 4257.)

■ Inexcusable delay in presenting a proposed amendment, however, constitutes grounds for denial of leave to amend. (See *Rainer* v. *Community Memorial Hosp.* (1971) 18 Cal.App.3d 240, 257-259 [95 Cal.Rptr. 901]; *Hayutin* v. *Weintraub* (1962) 207 Cal.App.2d 497, 507-508 [24 Cal.Rptr. 761]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 1048, pp. 2623-2625.)

The original cause of action against respondent was predicated on the negligence of the forklift operator which was imputed to respondent under Vehicle Code section 17150. The proposed amendment would state a cause of action for direct negligence by respondent in maintaining the forklift in violation of construction safety orders and for entrusting the equipment to a negligent operator. A somewhat persuasive argument can be made that the new cause of action is not based on the same facts as the original cause of action in that it alleges conduct by respondent totally distinct from the conduct of Montero in driving the forklift. Also, the allegations concerning the safety orders do not involve the same facts on which Montero's negligence was based.

Even if it is concluded, however, that the new cause of action arises out of the same facts as the original cause of action, we nonetheless cannot hold, in light of the long delay in moving to amend, that the trial court abused its discretion in denying the motion. The question of the timeliness of appellant's motion involves a consideration of the existence and extent of prejudice to respondent. The original complaint was filed November 5, 1971; the motion to amend was not made until April 20, 1973, following the granting of the new trial. In his affidavit in support of the motion, appellant's attorney states that the information upon which the amendment was based was first learned at the trial; however, respondent had been a party to the action from the outset and was subject to the rules of pretrial discovery.

" 'A long unexcused delay may be the basis for denying permission to amend pleadings [citations], especially where the proposed amendment interjects a new issue [citations], which may require further investigation or discovery procedures [citations].' " (*Rainer* v. *Community Memorial Hosp., supra,* 18 Cal.App.3d at p. 258; see also *Permalab-Metalab Equipment Corp.* v. *Maryland Cas. Co., supra,* 25 Cal.App.3d 465, 472; *Hunt* v. *Smyth* (1972) 25 Cal.App.3d 807, 827-830 [101 Cal.Rptr. 4].)

Apart from the untimeliness of the motion, respondent has shown that it would be greatly prejudiced by allowing the amendment after the new

trial had been granted. Appellant obviously is attempting to circumvent the $15,000 damage limit established by Vehicle Code section 17151. As respondent notes, if appellant had prevailed at the first trial, respondent's liability would have been so limited. As the new trial was granted solely as to damages, leave to amend after the new trial was granted would have resulted in a relitigation of the entire action. Respondent's attorney stipulated at the new trial that appellant's minimum damages were $21,866.64, and that the forklift operator was negligent. While appellant argues that no prejudice will result to respondent because the stipulation regarding damages will not bind respondent, and appellant will disregard the stipulation regarding the negligence of Montero, the amendment, however, would re-open the issue of liability and would expose respondent to substantially greater liability than the original action. To allow appellant to extend respondent's liability to circumvent a statute that appellant should have been aware of prior to or during trial not only is prejudicial to respondent but condones appellant's lack of preparation and foresight before the trial. Based on the above, the trial judge cannot be said to have abused his discretion in denying the motion to amend.

### PROPER COMPUTATION OF DAMAGES UNDER *WITT* v. *JACKSON* AND SECTION 17151, SUBDIVISION (A) OF THE VEHICLE CODE.

*Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641] established the rule that an employer whose concurrent negligence caused injury to an employee should not be allowed reimbursement from a third party tortfeasor, in this case respondent, for compensation payments made to that employee under sections 3852, 3853 and 3856 of the Labor Code. To do so would allow the employer to profit from his own wrong. *Witt* further holds that "[s]ince . . . the injured employee may not be allowed double recovery, his *damages* must be reduced by the amount of workmen's compensation he received." (57 Cal.2d at p. 73; italics added.)

Vehicle Code section 17151, subdivision (a), provides: "The liability of an owner, . . . imposed by this chapter and not arising through the relationship of principal and agent or master and servant is limited to the amount of . . . ($15,000) for the death of or injury to one person in any one accident . . . ."

The question presented is the proper method of computing the compensation payment setoff under *Witt* v. *Jackson* in the light of the $15,000 limitation of respondent's imputed liability as the owner of the forklift. This evidently is a question of first impression.

The trial court subtracted the compensation benefit of $6,866.64 from the statutory liability maximum of $15,000 and awarded appellant a judgment of $8,233.36. Appellant contends that the compensation benefit should have been deducted from his damages of $21,866.64, thereby giving him a judgment of $15,000. He persuasively argues that this method of computation satisfies the double recovery prohibition of *Witt* v. *Jackson* and fixes respondent's liability within the maximum allowed by Vehicle Code section 17151, subdivision (a).

An analogous procedure is entailed in Insurance Code section 11580.2, subdivision (e), which reads in pertinent part: "The policy . . . may provide that if the insured has valid and collectible automobile medical payment insurance available to him, the *damages* which he shall be entitled to recover from the owner or operator of an uninsured motor vehicle shall be reduced . . . by the amounts paid or due to be paid under such . . . insurance." (Italics added.) Under the provision, the reduction is made from the damages incurred even if those damages exceed the policy limit of the uninsured motorist coverage. If, after the reduction, the insured's damages exceed the policy limit, he is entitled to receive the policy limit. (See Cal. Uninsured Motorist Practice (Cont. Ed. Bar 1973) § 6.6, p. 189.)

Respondent cites *Dow* v. *Britt* (1974) 37 Cal.App.3d 868 [112 Cal.Rptr. 710] as authority for the method of computation used by the trial cou.t. In *Dow* the court construed Vehicle Code sections 17707-17709 which establish a vicarious joint and several liability of parents for injuries resulting from a minor's driving with their permission and their signing and verifying his application for a license. It was held that partial satisfaction by the minor's insurance carrier of that portion of the judgment which equalled the statutory maximum released the parents from their statutory liability. (37 Cal.App.3d at p. 872.) Respondent argues that *Dow* establishes by analogy that an employee's damage figure utilized by the trier of fact in computing the judgment to be entered against a defendant vicariously liable under section 17150 cannot exceed the maximum liability provided by section 17151, subdivision (a); hence, the reduction for compensation benefits must be made from the $15,000 figure. Respondent's argument is not persuasive. *Dow* establishes only that a person who is vicariously liable under the Vehicle Code provisions will be discharged from his joint and several liability with other tortfeasors by paying the statutory maximum even though the judgment was for a greater amount. *Dow* does not suggest that an injured party's damages from which the compensation benefits are to be deducted

cannot exceed the statutory limit. To the contrary, *Dow* suggests that if a plaintiff employee receives a joint and several judgment for more than the statutory limit against third party tortfeasors, including a vicariously liable defendant, the latter will have to pay to the plaintiff the statutory maximum before he is released from the judgment.

■ The computation utilized by the trial judge was ·manifestly unfair. Appellant suffered damages in the sum of $21,866.64. We see no logic or fairness in reducing appellant's recovery below the statutory liability as long as he does not receive a double recovery contrary to *Witt v. Jackson*. To permit such a procedure would be to deprive appellant of his right to full compensation for his injuries and would give respondent an unjustified windfall.

The judgment is reversed. The matter is remanded to the trial court for entry of judgment in favor of appellant and against respondent in the sum of $15,000.

Brown (G. A.), P. J., and Carkeet, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.