Opinion
 

 EVANS, J.
 

 Plaintiff, injured in a traffic accident, sued for damages. Her complaint alleges that defendant, Gerald Kristoffersen, was negligently operating a motor vehicle owned by his mother, defendant Ruth Kristoffersen, striking a motorcycle upon which plaintiff was a passenger.
 

 Prior to trial Gerald settled with plaintiff for $15,000. After a dismissal with prejudice was filed as to the driver, the owner of the vehicle, Ruth Kristoffersen, moved for summary judgment alleging, inter alia, that the $15,000 settlement with Gerald satisfied her statutory liability imposed by Vehicle Code sections 17150
 
 [1]
 
 and 17151. The motion was granted, and this appeal ensued.
 

 
 *141
 
 The only question presented is whether the $15,000 settlement by plaintiff with the negligent driver discharges the owner’s statutory liability under Vehicle Code sections 17150 and 17151. We conclude that it does.
 

 Vehicle Code section 17150 imposes upon the owner of a vehicle, driven by another with the other’s permission, monetary liability to an injured party when the injury was the result of the operator’s negligence. While expressed in unconditional terms, this liability is limited by section 17151, subdivision (a),
 
 [2]
 
 to $15,000.
 

 The terms of sections 17150 and 17151 have been interpreted to make a defendant owner a joint tortfeasor with the negligent operator of the vehicle and therefore jointly and severally liable for plaintiff’s damages to the extent fixed by the statute (Veh. Code, § 17151;
 
 Kemp
 
 v.
 
 Barnett
 
 (1976) 62 Cal.App.3d 245, 248 [132 Cal.Rptr. 823];
 
 Heves
 
 v.
 
 Kershaw
 
 (1961) 198 Cal.App.2d 340, 342 [17 Cal.Rptr. 837]).
 

 Section 17153
 
 [3]
 
 further limits the statutory liability of the owner by providing a right of subrogation against the negligent operator for any amounts recovered by the injured party from the owner. The liability of the owner is secondary and that of the negligent operator primary.
 
 (Heves
 
 v.
 
 Kershaw, supra,
 
 198 Cal.App.2d at p. 344;
 
 Broome
 
 v.
 
 Kern Valley Packing Co.
 
 (1935) 6 Cal.App.2d 256, 261 [44 P.2d 430].)
 

 Plaintiff argues that an owner liable under section 17150 is not entitled to credit for amounts independently paid by the negligent operator. That argument ignores established authority that payment by one joint tortfeasor may be used to offset the liability of another, and if partial satisfaction is made the liability of the other joint tortfeasors is reduced
 
 pro tanto. (Kemp
 
 v.
 
 Barnett, supr'a,
 
 62 Cal.App.3d at p. 248;
 
 Dow
 
 v.
 
 Britt
 
 (1974) 37 Cal.App.3d 868, 873 [112 Cal.Rptr. 710];
 
 Carr
 
 v.
 
 Cove
 
 (1973) 33 Cal.App.3d 851, 854 [109 Cal.Rptr. 449].)
 

 
 *142
 
 As stated in
 
 Heves
 
 v.
 
 Kershaw, supra,
 
 198 Cal.App.2d at page 344, “The intent of these sections is to make it clear that as between
 
 operator
 
 and
 
 owner,
 
 the primary liability is that of the operator and the liability of the owner is secondary. The owner’s liability is like that of a guarantor as to the . . . [$15,000] joint liability of owner and operator. Hence, any payment made by the operator . . . must be applied first to satisfy the liability of the guarantor. This is in no way prejudicial to the rights of the injured party as far as the collection of his joint liability of owner and operator is concerned. Such joint liability must be satisfied before . application of any payments to the separate and additional liability of the operator beyond the amount of the owner’s liability.” (Italics in original.)
 

 Gerald’s settlement with plaintiff for $15,000 must first be credited to his joint tort liability with defendant. This operates to diminish the owner’s statutory obligation by that amount; here it extinguishes her statutory liability.
 
 (Kemp
 
 v.
 
 Barnett, supra,
 
 62 Cal.App.3d at p. 248; see also
 
 Dow
 
 v.
 
 Britt, supra,
 
 37 Cal.App.3d 868.)
 
 Young
 
 v.
 
 Berry Equipment Rentals, Inc.
 
 (1976) 55 Cal.App.3d 35, 40-42 [127 Cal.Rptr. 200], relied upon by plaintiff is inapposite. The
 
 Young
 
 court was concerned with establishing the measure of damages and not, as here, with satisfaction of the damages once their extent had been determined. The
 
 Young
 
 decision does not derogate from the rule that payment by one joint tortfeasor reduces the commensurate liability of other joint tortfeasors.
 

 Plaintiff argues that section 17150 should be liberally construed to permit recovery of the statutory limit against the owner, notwithstanding the $15,000 settlement with the negligent driver. To view the statutory provisions as suggested by plaintiff would not be a liberal construction, but rather would constitute a judicial amendment of the statute. There is no question that the owner (Ruth) is liable for the negligent conduct of the driver (Gerald). The only question is whether her statutory liability is discharged by the negligent driver’s settlement with the plaintiff. We conclude that it was.
 
 (Kemp
 
 v.
 
 Barnett, supra,
 
 62 Cal.App.3d at p. 248.)
 

 The judgment is affirmed.
 

 Puglia, P. J., and Schoenig, J.,
 
 *
 
 concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied August 8, 1979.
 

 [1]
 

 Unless otherwise noted, all statutory references will be to the Vehicle Code. Section 17150 provides: “Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner.”
 

 [2]
 

 Section 17151, subdivision (a), provides in pertinent part: “The liability of an owner, . . . imposed by this chapter and not arising through the relationship of principal and agent or master and servant is limited to the amount of fifteen thousand dollars ($15,000) for the . . . injury to one person in any one accident. . . .”
 

 [3]
 

 Section 17153 provides in pertinent part: “If there is recovery under this chapter against an owner,... the owner,... is subrogated to all the rights of the person injured . . . and may recover from the operator the total amount of any judgment and costs recovered against the owner,. . .”
 

 *
 

 Assigned by the Chairperson of the Judicial Council.