[Civ. No. 28099. Fourth Dist., Div. One. June 8, 1983.]

GUADALUPE LOPEZ, Cross-complainant and Appellant, v.
KENNETH M. BLECHER et al., Cross-defendants and Respondents.

COUNSEL

Alan D. Davis for Cross-complainant and Appellant.

Higgs, Fletcher & Mack and Craig D. Higgs for Cross-defendants and Respondents.

OPINION

**STANIFORTH, J.**—Cross-complainant Guadalupe Lopez (Lopez) appeals summary judgment discharging cross-defendants Kenneth M. Blecher and his wife from further liability (indemnification) to Lopez upon the grounds of a good faith settlement made with John Joseph, plaintiff in the underlying negligence suit.

The original tort action arose out of an automobile accident occurring November 24, 1978, on Interstate 5 in North San Diego County. Blecher was northbound on Interstate 5 when he came upon an overturned Ford van. Blecher's vehicle struck the overturned van with its left front corner, then

veered to the right and struck John Joseph, a good samaritan who had stopped to render aid. Miguel Gonzalez was the driver of the van. The registered co-owners of the overturned van were Lopez and her nephew Robert Lopez. Robert Lopez, a passenger in the overturned van, was killed in the accident.

Joseph filed a complaint for personal injuries against Blecher and Robert and Guadalupe Lopez. Joseph's complaint contained a single cause of action for negligence and prayed for general damages of $2 million and special damages of $2 million. Lopez cross-complained against Blecher for "indemnity."[1]

On November 26, 1979, Joseph executed a complete release and dismissal of all claims against the Blechers and their insurer 20th Century Insurance Company in consideration of a payment to him of $200,000. This settlement was reached based upon consideration of the possible outcomes of the trial on the merits, the cost of prosecuting the matter and other reasons. Blecher then sought an adjudication pursuant to Code of Civil Procedure sections 877.6 and 437c that as between the codefendants the settlement had been entered into in good faith and Blecher should be discharged from further liability arising out of the principal lawsuit. The trial court granted Blecher's motion. Lopez appeals.

## DISCUSSION

### I

■ Lopez contends the order granting summary judgment was improper because she and the Blechers were not joint tortfeasors within the meaning of Code of Civil Procedure section 877. She contends the Blechers were primarily liable and Lopez was only secondarily liable. She asserts her liability is vicarious; she can be held responsible for the driver's negligence only by the policy of law imposing limited liability as co-owner of the van.

Blecher contends section 877 permits no such distinction between parties primarily and secondarily liable; there is no evidence the settlement was in "bad faith" and the trial court found the settlement was made in good faith. Blecher asserts he was discharged from further liability for total, partial or comparative indemnity or contribution in connection with this lawsuit.

Code of Civil Procedure section 877.6 provides the issue of the good faith of a settlement may be determined by the trial court in connection with the trial of the underlying tort action. The section also provides any party to an action where it is alleged that two or more parties are joint tortfeasors shall be entitled

---

[1]Lopez also sued Victory Dodge, Inc., claiming she was erroneously or negligently listed as a co-owner of the Ford van and sought "indemnity." This aspect of the cross-complaint was not resolved by Blecher's motion for summary judgment.

to a hearing on the issue of the good faith settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors. The determination by the court that the settlement was made in good faith "shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." (§ 877.6, subd. (c).)[2]

Lopez asserts Code of Civil Procedure section 877 is inapplicable because of the conceded distinction between primary (Blecher's) and secondary (Lopez') responsibilities. Lopez urges this distinction is fundamental and tied to the legal niceties drawn between contribution and indemnity. She cites no law to support this position. A contrary inference appears in the landmark decision *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 604 [146 Cal.Rptr. 182, 578 P.2d 899], when the Supreme Court stated: "[W]hile we recognize that section 877, by its terms, releases a settling tortfeasor only from liability for contribution and not partial indemnity, we conclude that from a realistic perspective the legislative policy underlying the provision dictates that a tortfeasor who has entered into a 'good faith' settlement [citation] with the plaintiff must also be discharged from any claim for partial or comparative indemnity that may be pressed by a concurrent tortfeasor. . . . *This observation is as applicable in a partial indemnity framework as in the contribution context.*" (Italics added.) (See also *Mill Valley Refuse Co.* v. *Superior Court* (1980) 108 Cal.App.3d 707 [166 Cal.Rptr. 687]; *City of Sacramento* v. *Gemsch Investment Co.* (1981) 115 Cal.App.3d 869 [171 Cal.Rptr. 764]; *Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231, 236 [132 Cal.Rptr. 843].)

The court noted: "[A] partial indemnification claim cannot properly be brought against a concurrent tortfeasor who has entered a good faith settlement with the plaintiff, because permitting such a cross-complaint would obviously undermine the explicit statutory policy to encourage settlements reflected by the provisions of section 877 of the Code of Civil Procedure." (*American Motorcycle*, at p. 607, fn. 9.) It was stated in *Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231, 236 [132 Cal.Rptr. 843]: "Few things would be better calculated to frustrate [section 877's] policy, and to discourage settlement of

---

[2]Concerning details of procedure, section 877.6 provides in part: "(a) Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue to be made before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced. [¶] (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response thereto, or the court may, in its discretion, receive other evidence at the hearing."

"[T]he issue of the good faith settlement between the plaintiff and the settling tortfeasor should be tried separately in advance of the trial of the tort issues, and upon motion of any party to the action should be tried as soon after the settlement as the court's calendar permits." (*Fisher* v. *Superior Court* (1980) 103 Cal.App.3d 434, 438-439 [163 Cal.Rptr. 47].)

disputed tort claims, than knowledge that such a settlement lacked finality and would but lead to further litigation with one's joint tortfeasors, and perhaps further liability."

To accept Lopez' construction of the language of section 877, and distinguish between parties primarily and parties secondarily liable, would thwart the legislative purpose to terminate liability and to end present and prospective litigation of a tortfeasor who settles in good faith.

Finally, the party attacking the settlement must prove the settlement was not made in good faith or is unreasonable. Code of Civil Procedure section 877.6, subdivision (d), expressly provides the party asserting a lack of good faith shall have the burden of proof on that issue. The trial court's finding here established Lopez' failure to carry that burden as a matter of fact. There is no basis for upsetting that finding.

## II

A further question remains whether Blecher and Lopez are joint tortfeasors as that term is used in Code of Civil Procedure section 877.6 in light of the statutory source of Lopez' liability.[3] Lopez and Blecher are not joint tortfeasors under the traditional definitions, for Lopez, the owner, was neither an active nor passive participant in the negligence alleged in the complaint. (*Benson* v. *Southern Pacific Co.* (1918) 177 Cal. 777, 779 [171 P. 948].)

The rights and obligations of Lopez, the permissive owner of a vehicle involved in an accident, are determined by statute—Vehicle Code sections 17150 through 17158. Under these sections both the owner and operator of a vehicle are considered joint tortfeasors. (*Fenley* v. *Kristoffersen* (1979) 94 Cal. App.3d 139, 141 [156 Cal.Rptr. 187]; *Heves* v. *Kershaw* (1961) 198 Cal. App.2d 340, 345 [17 Cal.Rptr. 837].) The owner and permissive user are declared jointly and severally liable for the same damages up to the limit specified in the statute imposing joint tortfeasor status upon the owner. (Veh. Code, §§ 17150, 17151.)

The legislative intent in imposing vicarious liability upon the owner was to protect innocent third parties from careless use of automobiles in situations where it is impossible to collect damages from the negligent operator. As the legislative committee comment to section 17150 points out: "[L]iability based solely on vehicle ownership and not arising out of a master servant relationship

---

[3]Prosser points out (Prosser, Law of Torts (4th ed. 1971) p. 291) a secondary meaning of "joint tort" has emerged where two or more persons may be joined as defendants in the same action at law. By "careless usage" such persons have been called joint tortfeasors. (*Id.*, at p. 298.)

is only a secondary liability that is expressly limited in dollar amount." (Legis. committee com., 66A West's Ann. Veh. Code, § 17150 (1971 ed.) p. 110, Deering's Ann. Veh. Code, § 17150 (1972 ed.) p. 154.)

The appeal court in *Kemp* v. *Barnett* (1976) 62 Cal.App.3d 245, 248-249 [132 Cal.Rptr. 823] explains: "A suit may be brought against an owner separately, but the intention of the Legislature, as evidenced by Vehicle Code sections 17152 and 17153, is to encourage joinder of owner and operator in a single suit where possible and to subrogate the owner to the claim of the injured party for any damages recovered from the owner. Under strict joint tortfeasor rules, every tortfeasor is liable for the entire damages; if partial satisfaction of a judgment is received from one, the liability of others is reduced correspondingly. [Citations.] In an action against a motorist responsible for the negligent operation of a vehicle and against the automobile owner, there is one verdict for a single sum against all defendants jointly liable. However, the owner's liability is limited by statute and is not in addition to recovery against the operator. [Citations.]"

Treating Lopez as a joint tortfeasor for purposes of sections 877-877.6 is not out of harmony with the legislative intent underlying imposition of a limited liability on an owner.

We conclude the statutory policy to encourage settlement as reflected in Code of Civil Procedure sections 877 through 877.6 would be defeated if a defendant whose liability is imputed by statute is held to retain the right to claim partial or comparative indemnity against a joint tortfeasor who has made a good faith settlement with the injured plaintiff. Guadalupe Lopez is a "joint tortfeasor" —albeit with limited liability—within the ambit of sections 877 and 877.6. She has no claim against Blecher.

Judgment affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

On July 6, 1983, the opinion was modified to read as printed above.