[Civ. No. 67056. Second Dist., Div. One. Sept. 6, 1983.]

REGINALD VICTOR DOVER, Plaintiff and Appellant, v.
WALBEMAR SADOWINSKI, Defendant and Respondent.

COUNSEL

George O. Fekete, Thomas T. Anderson, James Parkinson and Douglas P. Miller for Plaintiff and Appellant.

Keenan & Tobin and William O. Garcia for Defendant and Respondent.

OPINION

**DALSIMER, J.**—Plaintiff appeals from an order granting summary judgment in favor of defendant, Dr. Sadowinski. According to the register of actions, no judgment has been entered. ■ Although an order granting summary judgment is not appealable (*Hooks* v. *Southern Cal. Permanente Medical Group* (1980) 107 Cal.App.3d 435, 441 [165 Cal.Rptr. 741]), if no judgment has been entered, an appellate court may, and in this instance we do, amend the order granting summary judgment to make it an appealable judgment and construe the notice of appeal as applying to the judgment. (See *Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390]; *Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 501, fn. 1 [161 Cal.Rptr. 677].)

On September 15, 1980, plaintiff filed a complaint against several named defendants and Does I through XX, inclusive. The complaint, which alleged that the defendants negligently caused the death of plaintiff's wife, did not name Dr. Sadowinski as a defendant, nor did it refer to him by name in the body of the complaint. Approximately 19 months after filing the complaint, plaintiff served a copy thereof on defendant Sadowinski, as Doe III, together with an amendment to the complaint wherein plaintiff's attorney declared

that plaintiff had been ignorant of the true name of defendant Sadowinski at the time of the filing of the complaint.

The trial court granted summary judgment on the ground that the plaintiff had not in fact been ignorant of the identity of Dr. Sadowinski at the time of the filing of the complaint and therefore was unable to come within the provisions of Code of Civil Procedure section 474 for the purpose of tardily bringing defendant Sadowinski into the action as a named defendant. (All references to statutes hereinafter shall be to the Code of Civil Procedure.)

Section 474 provides that when a plaintiff is ignorant of a defendant's identity, the plaintiff may state that fact in the complaint and name such defendant by a fictitious name. The section further provides that, upon learning the name of the defendant, the plaintiff must amend his complaint in order to state the true name. ■ The proper construction of section 474 was explained in *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199 [114 Cal.Rptr. 839]: "The phrase 'when the plaintiff is ignorant of the name of a defendant' in Code of Civil Procedure section 474 has not been interpreted literally. The plaintiff is deemed 'ignorant of the name' if he knew the identity of the person but was ignorant of facts giving him a cause of action against the person [citations], or knew the name and all the facts but was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after commencement of the action. [Citations.]" (*Id.*, at p. 205.) ■ In *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942 [154 Cal.Rptr. 472], section 474 was further construed, and the court held that there is no requirement placed upon a plaintiff to exercise reasonable diligence prior to filing the complaint to discover the defendant's identity or the facts giving him a cause of action against the defendant. (*Id.*, at pp. 947-948.) The court further stated, "The lack of knowledge of the true name of a defendant, however, must be 'real and not feigned.' [Citation.] A plaintiff must actually be ignorant of the facts giving him a cause of action against a defendant. 'Ignorance of the facts is the critical issue, and whether it be due to misinformation or negligence is not relevant.' [Citations.]" (*Id.*, at p. 947.)

■ In applying the standards delineated by *Munoz* v. *Purdy, supra,* 91 Cal.App.3d 942, and the other decisional law, the difficulty encountered is that the evidence clearly indicates that plaintiff was not ignorant of the facts. Plaintiff knew defendant Sadowinski, knew his name, and knew of the facts giving rise to the cause of action. This lack of ignorance is demonstrated in several ways. The decedent was a patient at the Presbyterian Intercommunity Hospital from September 2, 1979, until September 25, 1979, when she expired. The name of Dr. Sadowinski appears as the attending physician throughout the medical chart compiled during that period. The records of

that hospital also divulge that Dr. Sadowinski conducted the admission physical, made the physician orders and physician progress notes, and signed the discharge summary. The fact that Dr. Sadowinski was the attending physician during that period is indicated in the autopsy report concerning decedent. There is uncontradicted evidence that Dr. Sadowinski met with plaintiff in person at least once and spoke to him on a number of occasions during the period of hospitalization. It is also uncontradicted that Dr. Sadowinski informed plaintiff that he was the doctor in charge of plaintiff's wife's care. Mr. George O. Fekete, who initially represented plaintiff, notified the named defendants in June of 1980 that he had investigated the circumstances regarding the admissions of plaintiff's decedent to the hospital. Mr. Fekete thereafter filed in the superior court a certificate of merit dated September 8, 1980, stating that he had reviewed the facts of the malpractice action brought in connection with the death of plaintiff's decedent.

In addition to the above facts, the complaint in this matter alleges that during the hospitalization from September 2, 1979, until September 25, 1979, the decedent was negligently treated by the defendants, including the Doe defendants. The complaint alleges that each of the defendants, including the Doe defendants, negligently failed to timely discover that decedent was suffering from Halothane toxicity and, by failure to make this diagnosis, prevented the decedent from receiving the proper medical care and treatment for the hepato-renal syndrome caused by the use of Halothane anesthesia. The complaint further alleges that the defendants, including the Doe defendants, failed to refer the case to a proper specialist to evaluate the decedent's complications, that they negligently failed to adequately supervise the patient's care, and that, as a result of all of this negligence and wrongful conduct and these omissions in the diagnosis, care, and treatment of the decedent by the defendants, the decedent died.

If the stated facts were not enough to establish plaintiff's lack of ignorance, the gap was filled when the attorney for plaintiff admitted to the trial judge at the time of the argument on the motion for summary judgment that he knew of the involvement of defendant Sadowinski. During that argument the court stated to Mr. Fekete, "You had his [Dr. Sadowinski's] name. You knew he was involved." Mr. Fekete responded, "We knew he was involved, but we had no idea, Your Honor, *how deeply* as a negligent individual, he was involved." (Italics added.)

It would seem that plaintiff is attempting to create a new standard to be applied in the application of section 474. Plaintiff seems to be asserting that, in order to be required to name a person whom he knows to be involved as a defendant, the plaintiff must be aware of each and every detail concerning

that person's involvement. We do not agree with such a standard. Stated differently, the plaintiff's allegation that he was ignorant of the facts that implicated the defendant cannot be accepted. The evidence is clear that the claimed lack of knowledge is not real, but is in fact feigned.

The judgment is affirmed.

Spencer, P. J., and Fainer, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.