[No. G004742. Fourth Dist., Div. Three. Jan. 28, 1988.]

PETER D. LINDGREN, Plaintiff and Appellant, v.
BAKER ENGINEERING CORPORATION, Defendant and
Respondent.

COUNSEL

Robert N. Christensen and John Allen Holmes for Plaintiff and Appellant.

Pickell & Knudson and Robert J. Pickell for Defendant and Respondent.

OPINION

WALLIN, Acting P. J.— ▆▆▆▆ Plaintiff Peter Lindgren appeals an order granting defendant Baker Engineering Corporation's motion for summary judgment.[1] We affirm.

I

Peter Lindgren brought suit against Kenton and Sue Martin and Baker Engineering Corporation based on an automobile accident in which Lindgren was allegedly injured.[2] The accident occurred on March 1, 1983, and involved Lindgren's vehicle and an automobile driven by Sue Martin. The Martins' car was purchased from Baker Engineering pursuant to an

---

[1] Although an order granting summary judgment is not appealable unless judgment has been rendered (*Dover* v. *Sadowinski* (1983) 147 Cal.App.3d 113, 115 [194 Cal.Rptr. 866]), we "construe the order to incorporate a judgment 'in the interests of justice and to avoid delay.' [Citation.]" (*Cohen* v. *Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84].))

[2] Peter Lindgren's wife also brought suit. Baker Engineering Corporation's motion for summary judgment was denied as to her because of improper notice.

installment sale contract under which the final payment was due March 1, 1983, the date of the accident.

Baker Engineering moved for summary judgment, alleging as undisputed material facts (1) that Baker Engineering delivered endorsed registration and ownership certificates to Kenton Martin on March 1, 1983, prior to the accident and (2) as an alternative ground for summary judgment, that the Martins' insurance carrier paid Lindgren $25,000 in settlement. Lindgren opposed the motion on the basis that (1) there were "controverted facts regarding when the . . . transfer of the certificate of ownership and the certificate of registration of the subject vehicle actually took place" and (2) his settlement with the Martins specifically reserved the right to proceed against the assets of Baker Engineering. The trial court granted the summary judgment motion.

## II

A motion for summary judgment is to be granted "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

■ We agree with the trial court that Baker Engineering was entitled to judgment as a matter of law as a result of the Martins' settlement with Lindgren. We therefore do not address Baker Engineering's further contention that the ownership and registration certificates were delivered to Kenton Martin prior to the accident.[3]

In support of its summary judgment motion, Baker Engineering submitted, inter alia, the declaration of the senior litigation examiner and custodian of records of the Martins' insurance carrier, who stated the Lindgrens were paid $25,000 in settlement of their action as to the Martins. Lindgren acknowledges receipt of this payment, but argues it was in no way intended to release the Martins from the litigation. He notes he specifically reserved the right to execute against the assets of Baker Engineering.

---

[3] The only proof of this contention presented by Baker Engineering was the declaration, supplemental declaration and deposition of the company's president, Robert Klar. Mr. Klar's declaration stated the certificates were delivered "on or about March 1, 1983," although his supplemental declaration and deposition were more definitive as to the March 1 delivery date. Prior to the summary judgment hearing, Lindgren unsuccessfully sought to obtain the deposition of Kenton Martin on this issue.

An automobile owner's liability for another person's negligent operation of his vehicle is governed by Vehicle Code sections 17150 and 17151.[4] An owner's liability under those sections is limited to $15,000 for injury to one person in a single accident. In *Fenley v. Kristoffersen* (1979) 94 Cal.App.3d 139, 141 [156 Cal.Rptr. 187], the court held that a plaintiff's "$15,000 settlement . . . with the negligent driver discharge[d] the owner's statutory liability under Vehicle Code sections 17150 and 17151." Because an owner's liability is secondary to that of the operator and essentially serves as a guarantee of their joint liability, "any payment made by the operator . . . must be applied first to satisfy the liability of the guarantor." (*Heves v. Kershaw* (1961) 198 Cal.App.2d 340, 344 [17 Cal.Rptr. 837].) "*Heves* applied the rule that a satisfaction of a judgment against joint tortfeasors operates to release the other joint tortfeasors and that if there has been a partial satisfaction of a judgment it operates to diminish the amount of the claim against other persons liable for the same harm . . . . [Citations.]" (*Dow v. Britt* (1974) 37 Cal.App.3d 868, 873 [112 Cal.Rptr. 710] [holding a son's partial satisfaction of a judgment discharged his parents' vicarious liability under Vehicle Code sections 17707 and 17708].)

Thus, any liability of Baker Engineering was limited to $15,000 and was discharged by the $25,000 payment made on behalf of the Martins. This is true regardless of Lindgren's reservation of the right to proceed against Baker Engineering's assets and his assertion the Martins were not released from this action.

Our colleague's dissent questions the rule followed here. However, this rule has been consistently applied by courts which have addressed this issue. The Legislature has had ample opportunity to amend the statute if the courts have wrongly interpreted it. It has not done so. The cases cited by the dissent are inapposite. *Young v. Berry Equipment Rentals, Inc.* (1976) 55 Cal.App.3d 35 [127 Cal.Rptr. 200] involved the proper calculation of a vehicle owner's liability where the plaintiff had previously received worker's compensation for his injury. *Broome v. Kern Valley Packing Co.* (1935) 6 Cal.App.2d 256 [44 P.2d 430] affirmed an owner's liability even though no judgment had been rendered against the codefendant operator. *Lopez v. Blecher* (1983) 143 Cal.App.3d 736 [192 Cal.Rptr. 190] determined that a

---

[4] Vehicle Code section 17150 provides: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle . . . by any person using or operating the same with the permission . . . of the owner."

Vehicle Code section 17151, subdivision (a) reads in pertinent part: "The liability of an owner . . . is limited to the amount of fifteen thousand dollars ($15,000) for the death of or injury to one person in any one accident . . . ."

third party driver who had entered into a good faith settlement with the plaintiff was properly discharged from indemnity liability to the owner of a separate vehicle involved in the accident.

The judgment is affirmed.

Sonenshine, J., concurred.

CROSBY, J.—I dissent. There are cases supporting the majority's holding (*Fenley* v. *Kristoffersen* (1979) 94 Cal.App.3d 139 [156 Cal.Rptr. 187]; *Dow* v. *Britt* (1974) 37 Cal.App.3d 868 [112 Cal.Rptr. 710]; *Heves* v. *Kershaw* (1961) 198 Cal.App.2d 340 [17 Cal.Rptr. 837]), but they are wrong. The premise is, "The intent of these sections [Veh. Code, §§ 17150 and 17151] is to make it clear that as between the *operator* and the *owner,* the primary liability is that of the operator and the liability of the owner is secondary. The owner's liability is like that of a guarantor as to the [$15,000] joint liability of owner and operator. . . . This is in no way prejudicial to the rights of the injured party as far as the collection of this joint liability of owner and operator is concerned. Such joint liability must be satisfied before application of any payments to the separate and additional liability of the operator beyond the amount of the owner's liability." (*Heves, supra,* at p. 344.) Not prejudicial? Of course it is. We do not know the extent of plaintiff's damages here, but they apparently exceed $25,000 by a substantial amount.

Nothing in Vehicle Code sections 17150 or 17151 supports the interpretation that they merely create a limited guarantee of the plaintiff's damages. The first section imposes vicarious liability on an owner for the negligence of a permissive user; the second limits that liability. Nonetheless, the above cited cases have succeeded in bootstrapping the undoubted subrogation right of the owner against the driver into a superior position vis-à-vis the plaintiff. For example, *Heves* states, "While it might be more convenient for plaintiff to credit the several liabilities of the operator and to keep alive the joint statutory liability of the owner, this would not be consistent with the rights as between owner and operator, particularly the right of *recourse* given to the owner against the operator [citation]." (*Id.,* at p. 346.) "More convenient" is a very cavalier expression to describe the destruction of a plaintiff's lawful statutory recovery.

Other courts have not reached this inequitable result on similar facts. For example, *Young* v. *Berry Equipment Rentals, Inc.* (1976) 55 Cal.App.3d 35

[127 Cal.Rptr. 200], after a rather unpersuasive effort to distinguish *Dow,* holds, "The computation utilized by the trial judge was manifestly unfair. Appellant suffered damages in the sum of $21,866.64. We see no logic or fairness in reducing appellant's recovery below the statutory liability as long as he does not receive a double recovery . . . . To permit such a procedure would be to deprive appellant of his right to full compensation for his injuries and would give respondent an unjustified windfall." (*Id.,* at p. 42.)

*Lopez* v. *Blecher* (1983) 143 Cal.App.3d 736 [a case we criticized on a different point in *Angelus Associates Corp.* v. *Neonex Leisure Products, Inc.* (1985) 167 Cal.App.3d 532, 539 [213 Cal.Rptr. 403]] is worth examination. There, the driver settled for $200,000 and sought dismissal of the owner's indemnity cross-complaint pursuant to Code of Civil Procedure 877.6. The Court of Appeal affirmed the finding that the settlement was in good faith on the owner's appeal. If the *Fenley-Dow-Heves* rule controlled, the court had a far more satisfactory route to resolving the matter. Instead of simply affirming the dismissal of appellant's cross-complaint, it should have also ordered dismissal of the complaint against her, the settlement being far in excess of the owner's statutory limit. It did not.

I believe the correct rule is this: "While the liability imposed [by statute] upon the owner of an automobile may be secondary as between such owner and the person operating the car with his permission, it is a primary and direct liability and not a secondary one in so far as the injured party is concerned. It would seem that the main purpose of this section is to make such an owner directly responsible to a person injured through the negligence of an operator driving the car with the owner's permission, although the [statutes] also contain [ ] provisions calculated to protect the owner from the results of the operator's negligence *in so far as this may be done between those parties without interfering with the rights of the injured party.*" (*Broome* v. *Kern Valley Packing Co.* (1935) 6 Cal.App.2d 256, 261 [44 P.2d 430]; italics added.) In other words, to the extent it is possible, the plaintiff is to be made whole. After that, the vicariously liable owner may pursue the driver for indemnification (even after a good faith settlement by the driver per our decision in *Angelus Associates Corp.* v. *Neonex Leisure Products Inc., supra,* 167 Cal.App.3d 532, 539).

The transfer of title question, the other ground supporting the summary judgment, may present a triable issue of fact on one of two theories, either that the transfer may not have physically occurred before the accident or that it was not effective until it was filed with the Department of Motor

Vehicles. Plaintiff should have been permitted to complete discovery on these points. I would reverse.