JORGENSON, Judge.
Mary Zelder, plaintiff below, is the mother of Robert E. Zelder, now deceased, who was a former employee of Delta Air Lines. Robert was originally employed by Northeast Air Lines in 1957. As a result of the merger between Delta and Northeast, Robert became an employee of Delta in 1972. His employment was not subject to a written contract, nor was he covered by a collective bargaining agreement.
Robert Zelder’s work record with Delta was poor, primarily because of an alcohol problem. Notwithstanding counselling sessions and an alcoholic rehabilitation program in South Miami Hospital, Robert continued to drink. Delta made a decision to terminate Robert’s employment. Delta’s policy is to permit an employee under these circumstances to resign. If a resignation had not been forthcoming, Robert would have been fired. Robert Zelder’s resignation was received by a Delta supervisor on *946 July 20,1979. He was initially notified that his resignation would be effective July 23, 1979. Robert entered an alcohol rehabilitation program at a local hospital on July 25th and was subsequently notified that the effective date of his resignation would be changed to July 27, 1979, in order that a portion of his hospital and medical costs would be covered under the Delta Family Care Medical Plan.[1]
By virtue of his employment with Delta, Robert Zelder was a participant in the Delta Family Care Disability and Survivorship Plan (hereinafter D & S Plan).[2] The D & S Plan provided for a lump sum death benefit funded by a group insurance policy issued to the trustees of the plan by the Aetna Insurance Company. Participation in the plan ceases upon the employee’s termination; however, there is a thirty-one-day grace period which provides coverage and also provides for conversion to an individual whole life insurance policy should the employee so elect. Notice of the conversion privilege was contained in the Delta benefits handbook provided to Robert Zelder in 1979. Mary Zelder was named as beneficiary of the lump sum death benefit provided for under the plan. Robert Zelder did not exercise his right to convert to an individual whole life policy. Delta Air Lines provides no death benefits for employees. Any death benefits are covered under the D & S Plan, which is governed by ERISA. Robert Zelder died on September 9, 1979, apparently by his own hand. Thereafter, Mary Zelder made a claim for death benefits against Delta and, by way of an amended complaint, joined the D & S Plan. Both Delta and the D & S Plan moved for summary judgment, which was granted. It is from those orders that Mary Zelder appeals. We affirm.
A.
Summary Judgment as to Delta
Delta is not a proper party to this lawsuit, and summary judgment in its favor was correct. Barrett v. Thorofare Markets, Inc., 452 F.Supp. 880 (W.D.Pa.1978); accord Boyer v. J.A. Majors Co. Employees Profit Sharing Plan, 481 F.Supp. 454 (N.D.Ga.1979) (employer not a proper party defendant where company has an ERISA plan in place); Carter v. Montgomery Ward & Co., 76 F.R.D. 565 (E.D.Tenn.1976).
Mrs. Zelder’s alternative theory of liability is likewise unavailing. Where, as here, the employee is governed by an oral agreement terminable by either party, there can be no wrongful discharge. DeMarco v. Publix Supermarkets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1123 (Fla.1979), aff’d, 384 So.2d 1253 (Fla.1980), and cases cited therein. Mrs. Zelder has failed to establish any facts which would create liability on the part of Delta.
B.
Summary Judgment as to the D & S Plan
Mrs. Zelder contends that the D & S Plan had a duty to notify Robert Zelder of his conversion rights at the time of his termination.[3] She also alleges that the D & S Plan breached a fiduciary duty owed to her as a named beneficiary by failing to provide her with a copy of the summary *947 plan description which presumably would have put her on notice of Robert’s conversion rights.[4] These alleged obligations were enhanced, Mrs. Zelder contends, because of Robert’s physical and mental condition at the time of his termination. As authority for the foregoing proposition, appellant relies on Denton v. Connecticut General Life Insurance Co., 323 So.2d 17 (Fla. 1st DCA 1975), and Moore v. Peninsular Life Insurance Co., 213 So.2d 721 (Fla. 1st DCA 1968), cert. denied, 222 So.2d 746 (Fla.1969). We find those cases inapposite to the facts before us. Nor do we read Section 627.566, Florida Statutes (1979), to require the special handling to which Mrs. Zelder suggests she is entitled.
Appellant has not furnished, nor has our independent search disclosed, any case which would create on the part of an employer or insurer an extraordinary duty owed to an employee whose diminished mental or physical condition is a result of voluntarily-induced alcoholism.
The summary judgments are accordingly affirmed.

. Under the rules of the medical plan, an employee is covered for an illness which commences while still employed and continues beyond the termination date.

. The Delta Family Care Disability and Surviv-orship Plan is governed by the provisions of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1381 (1979).

. The conversion rights for group life insurance are described on pages D-4 and 5 of the 1979 Handbook:
Are there any other provisions relating to basic lump sum death benefits of which I should be aware?
You should be aware of the following provisions of the group insurance contract providing basic lump sum death benefits:
Your insurance will cease upon termination of employment. However, if your death should occur within 31 days after termination, or after your insurance has reduced due to retirement, the full benefit will be payable. During the 31-day grace period, you may elect to convert the terminating insurance to permanent insurance. Contact Group Insurance — Dept. 840 — ATL for an application *947 during the 31-day period. A policy for the converted insurance will be issued at regular rates without a medical examination.

. § 104(b)(4) of ERISA (29 U.S.C. § 1024(b)(1)) requires that the summary plan description be furnished to participants and those beneficiaries who are actually receiving benefits under the Plan.