430 So.2d 528 (1983)
Robert WHITTEN and Judy Whitten, His Wife, Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, a Foreign Insurer, Raymond Link and Karen Link, Appellees.
No. 82-1239.
District Court of Appeal of Florida, Fourth District.
April 27, 1983.
*529 David L. Perkins of Linet, Rovenger & Perkins, North Miami Beach, for appellants.
No brief filed on behalf of appellees.
DELL, Judge.
Robert and Judy Whitten appeal from a final judgment entered after the trial court directed a verdict in favor of appellees Raymond and Karen Link and State Farm Fire and Casualty Company.
Appellants and their young son attended a barbecue at the home of the Links, who also had a young son. The boys played together with some small toy cars on the floor in the dining area of appellees' home. Appellant, Robert Whitten, stepped and fell on one of the toys, suffering personal injuries. Appellants filed suit against appellees and claimed negligence on the part of appellees because they failed to warn appellant of the presence of the toys on the premises, failed to prevent and stop their minor child from playing with the toys, failed to clean up or eliminate the existence of the toys and otherwise failed to supervise and control or adequately control the toy playing of their minor child. At trial, appellants presented evidence which established that appellees had notice that the children were playing with the cars in the dining area, that the cars belonged to appellees' son, that appellees knew that their son played with the cars in the area of the accident and that appellant fell as a result of stepping on one of the toys. At the conclusion of appellants' case, the trial court directed a verdict in favor of the appellees.
Appellants contend the trial court erred in directing a verdict in favor of appellees and argue that the record contains sufficient evidence from which a jury could lawfully find in their favor.
When reviewing an order granting a motion for directed verdict made at the close of the plaintiff's case, the appellate court must consider the evidence in the light most favorable to the non-moving party to determine whether no evidence exists upon which a jury could lawfully find for the plaintiff. Jones v. City of Hialeah, 368 So.2d 398, 400 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 346 (Fla. 1979). Appellants presented sufficient evidence for a reasonable jury to conclude that appellees' failure to remove the small wheeled toys from the floor where people were likely to walk constituted negligence. Appellant's comparative negligence presents a separate jury question.
If conflicting reasonable inferences may be drawn from the evidence presented, negligence and causation are questions of fact for the jury. A directed verdict in a negligence action would only be proper if the plaintiff could not recover under any reasonable view of the evidence. *530 Daniels v. Weiss, 385 So.2d 661, 664 (Fla. 3d DCA 1980). The record presents a question of fact for the jury. Therefore, we reverse and remand this case for a new trial.
REVERSED and REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.