442 So.2d 321 (1983)
Michael J. MAGUIRE, Appellant,
v.
AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, GEORGIA, a Subsidiary of American Family Corporation, Appellee.
No. 83-234.
District Court of Appeal of Florida, Third District.
December 6, 1983.
*322 Richard H.W. Maloy, Coral Gables, Mark Krasnow, Miami, Bernard Siegel, Coral Gables, for appellant.
Carey, Dwyer, Cole, Eckhart, Mason & Spring and Harriet R. Lewis, Miami, for appellee.
Before HENDRY, HUBBART and JORGENSON, JJ.
HENDRY, Judge.
Michael Maguire, plaintiff below, appeals from a directed verdict entered in favor of appellee insurance company after the presentation of his case in chief. We affirm.
Appellant worked for appellee insurance company in California for seven years. In 1979, appellant decided to move to Florida. He had had a heart attack and wanted his wife to be closer to her family in the event something should happen to him. Appellant made inquiries of management personnel in both California and Florida about the possibility of continuing his employment with appellee after his move. Appellant was told to contact the district manager in Miami after he actually moved to Florida. When appellant met with the district manager, he was given the standard agent's agreement to sign and was also told that he had to cancel his California license before he could obtain an insurance license from the State of Florida. Appellant cancelled his California license. At that point, appellee refused to sponsor appellant for his Florida license, a requirement in order to obtain the license. As a result of having cancelled his California license, which appellee employer asked him to do, appellant could not service the policies which he had sold in California and from which he was receiving renewal commissions of $500.00 per month. By not being able to service these existing accounts, appellant lost this income. Appellant filed this action for damages, alleging breach of contract and promissory estoppel.
When reviewing an order granting a motion for directed verdict made at the close of a plaintiff's case, the appellate court must consider the evidence in the light most favorable to the non-moving party to determine whether no evidence exists upon which a jury could lawfully find for the plaintiff. Whitten v. State Farm Fire and Casualty Co., 430 So.2d 528 (Fla. 4th DCA 1983); Kaufman v. A-1 Bus Lines, Inc., 416 So.2d 863 (Fla. 3d DCA 1982); Jones v. City of Hialeah, 368 So.2d 398 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 346 (Fla. 1979). Thus, we must consider all of the evidence most favorable to the appellant to see if there is any basis for sending the case to the jury. To do this, we must *323 focus our attention on the employment relationship between the parties.
The analysis in the instant case is straightforward. Without an employment contract specifically obligating both the employer and the employee for a definite term of employment, the employment is considered to be indefinite and terminable at the will of either party. No action may be maintained for breach of the employment contract under these circumstances. DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla. 1980); Zelder v. Delta Airlines, Inc., 423 So.2d 945 (Fla. 3d DCA 1982); Hamlen v. Fairchild Industries, Inc., 413 So.2d 800 (Fla. 1st DCA 1982). In the instant case, appellant did not have a contract for a specific term of employment. Nor had appellee made any promises to him. All appellant had was an expectation, albeit encouraged by appellee's actions, that he would be allowed to transfer to appellee's Florida office. Mere expectations are insufficient to create a binding term of employment. Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983); Roy Jorgensen Associates, Inc. v. Deschenes, 409 So.2d 1188 (Fla. 4th DCA 1982). Therefore, the employment relationship was terminable at will and thus, there was nothing the jury could lawfully find for him.
We recognize that many states have read a "good faith" requirement into the termination at will doctrine or have recognized broad categories of exceptions to the doctrine itself. Cf. McGrath v. Zenith Radio Corp., 651 F.2d 458 (7th Cir.1981) (applying California law); Shaw v. Russell Trucking Lines, Inc., 542 F. Supp. 776 (W.D.Pa. 1982); Sherman v. St. Barnabas Hospital, 535 F. Supp. 564 (S.D.N.Y. 1982); DeBleecker v. Montgomery County, 292 Md. 498, 438 A.2d 1348 (1982); Martin v. Federal Life Insurance Co., 109 Ill. App.3d 596, 65 Ill. Dec. 143, 440 N.E.2d 998 (1982); Maddaloni v. Western Massachusetts Bus Lines, Inc., 386 Mass. 877, 438 N.E.2d 351 (1982); Parnar v. Americana Hotels, Inc., 652 P.2d 625 (Haw. 1982). Florida continues to adhere to the termination at will doctrine. Perri v. Byrd, 436 So.2d 359 (Fla. 1st DCA 1983), and cases cited, supra. Only recently has one exception been recognized: an action will lie for a retaliatory discharge for an employee's pursuit of a workers' compensation claim. Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983).[1] Thus, in the absence of a clear statement by either the legislature or the supreme court of this state, we must reject appellant's invitation to either become a "law-giver" and change the current law entirely or to extend the law from its current position. Catania v. Eastern Air Lines, Inc., 381 So.2d 265, 267 (Fla. 3d DCA 1980).
Affirmed.
NOTES
[1] See also Falls v. Lawnwood Medical Center, 427 So.2d 361 (Fla. 4th DCA 1983), wherein the court sanctions the trial courts taking a harder look at the whole employment relationship to see if written personnel policies are a part of an oral contract of employment and, if so, what effect these policies have on the contract (i.e. whether a binding contract of employment may be fashioned out of written personnel policies and oral representations).