[No. B023374. Second Dist., Div. Seven. Nov. 24, 1987.]

THERESA COHEN, Plaintiff, v.
EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED
STATES, Cross-complainant and Appellant;
MOORE INDUSTRIES-INTERNATIONAL, INC., Cross-defendant
and Respondent.

**COUNSEL**

Norton & Fairman and Robert L. Fairman for Cross-complainant and Appellant.

Loeb & Loeb, Richard L. Feller and Gerald P. Cunningham for Cross-defendant and Respondent.

## OPINION

**JOHNSON, J.**—This is a purported appeal "from the general demurrer to [the] cross-complaint of Equitable sustained without leave to amend. . . ."

■ We are wearying of "appeals" from clearly nonappealable orders. (See Code Civ. Proc., § 904.1; and cases collected in 9 Witkin, Cal. Procedure (3d ed. 1985) § 82, p. 105.) The case before us presents a particularly egregious example of this practice because the attorney for the "appellant" is a recidivist. In this same case, he attempted to appeal from an order granting a motion for summary judgment in favor of other cross-defendants sued by the Equitable Life Assurance Society (hereafter Equitable) even though such an order is not appealable unless judgment has been entered. (*Dover* v. *Sadowinski* (1983) 147 Cal.App.3d 113, 115 [194 Cal.Rptr. 866].) In a footnote to our unreported opinion in that matter we pointed out to counsel an appeal will only lie from an appealable order or judgment. We proceeded to construe the order to incorporate a judgment "in the interests of justice and to avoid delay." (*Cohen* v. *Equitable Life Assur. Soc.* (1987) No. B013983.) Obviously, counsel did not get the message or he got the wrong message. Our patience with counsel in past cases, (see, e.g., *Munoz* v. *Davis*, (1983) 141 Cal.App.3d 420, 431 [190 Cal.Rptr. 400]; *Witchell* v. *DeKorne* (1986) 179 Cal.App.3d 965, 969, fn.1 [225 Cal.Rptr. 176]; *Cole* v. *City of Los Angeles* (1986) 187 Cal.App.3d 1369, 1373, fn. 1 [232 Cal.Rptr. 624]) was intended to be educative not an indication we would condone continuing blunders of this sort.

We will save this "appeal" as we have done all too often in the past by deeming the order sustaining the demurrer to incorporate a judgment of dismissal and treat Equitable's notice of appeal as applying to the dismissal. (*Munoz* v. *Davis, supra*, 141 Cal.App.3d at p. 431.) However, we hereby give notice to the bar that henceforth we will no longer bail out attorneys who ignore the statutory limitations on appealable orders.

## FACTS AND PROCEEDINGS BELOW

The underlying action was brought by Theresa Cohen for damages and for benefits due under group medical insurance policies issued by Equitable and other insurers to employees of Moore Industries International, Inc. (hereafter, Moore, Inc.). The Equitable policy was in effect from June 1, 1981 through May 31, 1982. Effective June 1, 1982, Moore, Inc. established

a self-funded health care plan. Equitable agrees Moore, Inc.'s health care plan is an employee welfare benefit plan covered by the Employee Retirement Income Security Act (ERISA), 29 United States Code section 1001 et. seq.

Equitable filed a cross-complaint against Moore, Inc. alleging it had paid benefits to Ms. Cohen that rightfully should have been paid by Moore, Inc. and seeking reimbursement for those payments. Moore, Inc. demurred to Equitable's cross-complaint on the grounds ERISA preempted Equitable's state-law claims and state courts have no jurisdiction over any cause of action Equitable may have under ERISA. The trial court sustained the demurrer "on grounds of preemption."

The gravamen of Equitable's cross-complaint against Moore, Inc. is Equitable paid health care benefits to Ms. Cohen that should have been paid by Moore, Inc. under its self-funded federally approved health care plan. The defect in Equitable's claim is it sued the wrong party. Equitable's suit is against Moore, Inc., the employer, not against the health plan, a separate entity.

*Gelardi* v. *Pertec Computer Corp.* (9th Cir. 1985) 761 F.2d 1323 is directly on point. Gelardi, a Pertec employee, submitted claims for disability benefits under Pertec's self-funded employee welfare benefit plan. The plan administrator denied her claims. Gelardi then sued her employer, Pertec, and the plan administrator for benefits due under the plan. The District Court Judge, Malcolm M. Lucas, dismissed the complaint and the Court of Appeals affirmed. As to the claim for benefits, the appellate court held, "ERISA permits suits to recover benefits only against the Plan as an entity ([29 U.S.C.] §§ 1132(a)(1)(B); 1132(d). . . . It is self evident that neither defendant is the Plan itself." (*Id.* at pp. 1324-1325.) (Accord *Barrett* v. *Thorofare Markets, Inc.* (W.D. Pa. 1978) 452 F.Supp. 880, 884; *Boyer* v. *J. A. Majors Co. Emp. Profit Sharing Plan* (N.D.Ga. 1979) 481 F.Supp. 454, 458; *Thompson* v. *Asbestos Wkrs. Local No. 53 Pen. Fund* (M.D.La. 1983) 554 F.Supp. 296, 299; *Zelder* v. *Delta Airlines, Inc.* (Fla.App. 1982) 423 So.2d 945, 946.)

Although the holding of *Gelardi* is explicit that ERISA permits suits to recover benefits only against the plan as an entity, Equitable argues ERISA also permits suits to recover benefits against the plan administrator. It then cites evidence Moore, Inc. was the plan administrator. Neither *Gelardi* nor the text of ERISA supports Equitable's argument.

It is true *Gelardi*, after holding suits to recover benefits can only be brought against the plan, goes on to discuss suits for breach of fiduciary duty against the plan administrator. (761 F.2d at pp. 1324-1325.) Equitable

takes this discussion out of context. Ms. Gelardi had sued Pertec for benefits due under the plan and *damages*. At the time her case was decided the Ninth Circuit was following its holding in *Russell* v. *Mass. Mut. Life Ins. Co.* (9th Cir. 1983) 722 F.2d 482 that a plan participant could recover personal damages from the plan administrator for a breach of fiduciary duty. A month after *Gelardi* was decided, the Supreme Court reversed *Russell,* holding ERISA authorizes a beneficiary to bring an action against a fiduciary for breach of fiduciary duty *on behalf of the plan,* but not for the beneficiary's personal damages. (*Massachusetts Mut. Life Ins. Co.* v. *Russell* (1985) 473 U.S. 134, 145 [87 L.Ed.2d 96, 105, 105 S.Ct. 3085, 3091-3092].)

*Gelardi* did not hold or even suggest the plan administrator, as a fiduciary, was personally liable to the beneficiary for benefits due under the Plan. *Gelardi,* in dictum, reaffirmed the view the plan administrator, as a fiduciary, was personally liable to the beneficiary for *damages* resulting from a breach of fiduciary duty but this view was rejected by the Supreme Court in *Massachusetts Mut. Life Ins. Co.* v. *Russell, supra,* 473 U.S. 134.

In the case before us, Equitable is not seeking to recover damages on behalf of the plan; it is seeking a personal recovery. Therefore, whether or not Moore, Inc. is the plan administrator it is not a proper party defendant in a suit for benefits due under the plan.

Equitable contends the issue of Moore, Inc.'s liability versus the health care plan's liability was not argued in the demurrer proceedings, therefore it cannot be raised in this appeal. Equitable is wrong. A claim the complaint fails to state a cause of action is not waived by failing to raise it in a demurrer. (Code Civ. Proc., § 430.80, subd. (a).) ■ Furthermore, it is well settled a reviewing court will affirm the trial court's order if it is correct, regardless of the theory on which it is based. (See e.g., *Sequoia Pine Mills, Inc.* v. *Superior Court* (1968) 258 Cal.App.2d 65, 68-69 [65 Cal.Rptr. 353]; 9 Witkin, Cal. Procedure, *supra,* § 259, p. 266.) ■ Finally, Equitable has not been prejudiced. The issue of Moore, Inc.'s liability was briefed by both parties in this appeal.

Although we uphold the demurrer, we believe it would be unfair to sanction Equitable for a frivolous appeal. The indemnity issue, which was the basis of the trial court's order and Equitable's appeal, is far from settled. Therefore, Moore, Inc.'s request for sanctions is denied.

## DISPOSITION

The order sustaining the demurrer without leave to amend is modified by adding thereto the following sentence: "The cross-complaint is dismissed."

The order, as modified, is affirmed. Respondent to receive its costs on appeal.

Thompson, J., concurred.

**LILLIE, P. J.**—I respectfully dissent. I would dismiss the purported appeal.

From a poorly drafted notice of appeal which recites that appeal is taken from the "the general demurrer . . . sustained without leave to amend," it is apparent that at best, cross-complainant Equitable Life Assurance Society (Equitable) has "appealed" from a minute order sustaining demurrer without leave to amend which is a nonappealable order. An appeal lies only from a judgment of dismissal entered on an order sustaining demurrer. (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579 [30 Cal.Rptr. 534, 381 P.2d 390].) No such judgment was entered in the instant case. However, the majority has used an acceptable, although discretionary, method of "saving" the "appeal" by amending the nonappealable order to make it an appealable judgment of dismissal, and construing the notice of appeal as applying to that judgment. (*Taylor* v. *State Personnel Bd.* (1980) 101 Cal.App.3d 498, 501, fn. 1 [161 Cal.Rptr. 677].) I find nothing in the circumstances here justifying this procedure for resolution of an issue such as that raised in this purported appeal. Employing this kind of appellate challenge to the ruling sustaining demurrer absent special circumstances should be discouraged as countenancing appellate review of nonappealable orders carelessly brought up to this court with inattention to statutory provisions, and fostering shoddy appellate practice.

In any case, were I to reach the merits and review the issue raised by Equitable on this purported appeal, I would join with my colleagues in affirming the action of the trial court.