[No. B058247. Second Dist., Div. Five. Dec. 14, 1992.]

RONALD FINKELSTEIN, Plaintiff and Appellant, v.
20TH CENTURY INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Hartley & Hartley and Joseph M. Hartley for Plaintiff and Appellant.

La Follette, Johnson, De Haas, Fesler & Ames and Melinda W. Ebelhar for Defendant and Respondent.

**OPINION**

**BOREN, J.**— Appellant, Ronald Finkelstein, appeals following a summary judgment in favor of respondent, 20th Century Insurance

Company.[1] Appellant alleged causes of action for breach of the implied covenant of good faith and fair dealing regarding insurance coverage and for duress. Appellant premised his causes of action on the respondent's refusal to settle an automobile insurance claim within the insurance policy's limits, where appellant deemed himself subject to a substantial probability of a judgment in excess of the policy limits. No excess judgment was ever entered against appellant, who had voluntarily contributed $6,700 above the $75,000 provided by respondent to settle the suit against appellant for an amount below the policy's limits. We find that an insured cannot maintain an action for bad faith exposure to an excess verdict in the absence of such a verdict, and that appellant was not under improper duress from respondent to contribute his own funds toward the settlement.

## FACTS

The case arose from an automobile accident on May 5, 1985, which resulted in appellant's felony conviction for driving under the influence of alcohol. The injured parties sued appellant, who was insured by respondent and had a maximum insurance policy coverage of $100,000 per injured party. The claim by one of the injured parties, Mark Eberle, settled for $45,000. The claim by the other injured party, Norma Eberle, did not initially settle, and the parties prepared for trial. At the final mandatory settlement conference, Norma Eberle initially demanded $95,000 to settle the case. That demand was lowered to $85,000. Respondent offered $75,000, but Norma Eberle refused to settle for that figure. Ultimately, the case settled at the mandatory settlement conference for $85,000, broken down as follows: $75,000 from respondent, $3,300 as a credit for restitution payments already made by respondent on appellant's behalf (as required pursuant to criminal proceedings against the insured), and $6,700 from the personal funds of appellant.

During a deposition in the present case, appellant explained his reason for agreeing to the settlement. Appellant stated as follows: "I felt that the case should be settled, the victims were victims. I already plead[ed] guilty. It was actually playing on a little bit of my Alcoholics Anonymous Program. . . . I'm a member of Alcoholics Anonymous. When amends have to be made, we make them as quickly as possible, removing the wreckage of our past." As

---

[1]Although an order granting summary judgment is not appealable unless judgment has been rendered (*Dover* v. *Sadowinski* (1983) 147 Cal.App.3d 113, 115 [194 Cal.Rptr. 866]), and no judgment has been entered in the present case, we construe the order granting summary judgment to incorporate an appealable final judgment in the interests of justice and to avoid delay. (*Lindgren* v. *Baker Engineering Corp.* (1988) 197 Cal.App.3d 1351, 1352, fn. 1 [243 Cal.Rptr 476]; *Cohen* v. *Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84].)

appellant further explained, "[B]eing a sober member of Alcoholics Anonymous, I felt it mandatory that I make—not that I make, but that restitution be made to the victims. And as it dragged on and on and on, I couldn't really get past that part of my A.A. program."

The Eberles' claims were thus settled for amounts within appellant's policy limits, and the case did not proceed to trial. The information in respondent's claims file relating to the underlying personal injury suit indicated that appellant had an extremely high blood-alcohol level at the time of the accident (.38 blood alcohol) and that the claimants' medical expenses exceeded $40,000. In the opinion of appellant's counsel, there was "no doubt" but that a jury would have awarded a judgment against appellant in the underlying action in excess of the $100,000 policy limit of his coverage with respondent.

## DISCUSSION

■ Contrary to appellant's contention, an insured does not have a cause of action for breach of the implied covenant of good faith and fair dealing when the insurer does not settle upon the insured's demand and the insured then strikes his own deal with the third party claimant to settle the action. It is well established that an insurance company is liable to an insured when the insurer unreasonably refuses to settle the case within the insured's policy limits *and* a "judgment" in excess of those limits is ultimately rendered against the insured. (*Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 661 [328 P.2d 198, 68 A.L.R.2d 883].)

In a situation somewhat analogous to that in the present case, the court in *Doser* v. *Middlesex Mutual Ins. Co.* (1980) 101 Cal.App.3d 883 [162 Cal.Rptr. 115] found no valid cause of action for plaintiffs, who were assignees of a cause of action for bad faith breach of an insurance contract, because no judgment had been entered in the underlying wrongful death action at the time the action against the insured was filed and tried. As the court in *Doser* emphasized, "In the instant case, the breach of duty to settle within policy limits presented only the possibility that a judgment might be rendered in excess of policy limits. Even if [the insurer] did reject the settlement offer within policy limits, [it] would not have been subject to liability if [it] had been successful in defense of the litigation and a judgment had been rendered below the settlement offer, or a complete defense verdict had been obtained." (*Id.* at pp. 891-892.) In *Doser*, only if "the underlying wrongful death case [had] been prosecuted to judgment, and had that judgment been in excess of the $100,000 policy limit," would such exposure to damages in excess of the policy limit have given rise to a cause of action

against the insured for alleged bad faith. (*Id.* at p. 892.) " 'It is clear that mere possibility, or even probability, that an event causing damage will result from a wrongful act does not render the act actionable [citations].' [Citations.]" (*Ibid.*)

In the present case, the mere possibility or even the lack of any personal doubt by appellant's counsel that a jury verdict in excess of the policy limits would have ensued never ripened into an actionable event. Since there was no judgment in excess of the policy limits, appellant's cause of action never matured.

■ On the facts alleged in the present case, appellant also has no cause of action for duress. Although appellant's trial counsel asserted that appellant was contributing to the settlement under protest, appellant's deposition testimony indicates the absence of facts sufficient to establish duress. It appears from appellant's deposition testimony that he voluntarily offered his own $6,700 to secure a settlement not because of duress from the insurer, but rather because of his own conscience and his personal motivation of assisting in his alcoholic rehabilitation.[2] Accordingly, appellant has no cause of action premised on duress.

DISPOSITION

The judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 11, 1993. Lucas, C. J., Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

[2]We note that appellant's insurance policy contains the following clause: "Persons insured shall not, except at their own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of injury."