103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MISSION POWER ENGINEERING, a California corporation,
Plaintiff-Appellee,
v.
CONTINENTAL CASUALTY COMPANY, INC., an Illinois corporation,
Defendant-Appellant.
 No. 95-55839.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Nov. 22, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Continental Casualty Company, Inc. appeals a judgment issued after a jury verdict, which awarded damages for breach of contract and breach of the covenant of good faith and fair dealing, in favor of Mission Power Engineering Company. It also appeals the award of attorneys fees to Mission. We affirm.
 
 
 4
 1. We agree with the district court that under California law an insured may settle an action against it when the insurance company has unreasonably refused to participate in settling the case and the insured is exposed to the possibility of a judgment that greatly exceeds the policy limits. See, e.g., Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658-61, 328 P.2d 198, 200-02 (1958); Camelot by the Bay Condominium Owners' Ass'n v. Scottsdale Ins. Co., 27 Cal.App.4th 33, 46, 32 Cal.Rptr.2d 354, 360 (1994); Xebec Dev. Partners, Ltd. v. National Union Fire Ins. Co., 12 Cal.App.4th 501, 549, 15 Cal.Rptr.2d 726, 752 (1993); see also Isaacson v. California Ins. Guar. Ass'n, 44 Cal.3d 775, 792, 750 P.2d 297, 308-09, 244 Cal.Rptr. 655, 667 (1988); Diamond Heights Homeowners Ass'n v. National Am. Ins. Co., 227 Cal.App.3d 563, 581, 277 Cal.Rptr. 906, 916 (1991); Clark v. Bellefonte Ins. Co., 113 Cal.App.3d 326, 337-38, 169 Cal.Rptr. 832, 838-39 (1980). The district court properly determined that there were material fact issues regarding the behavior of Mission and of Continental under the circumstances. Those were resolved against Continental at trial.
 
 
 5
 2. Similarly, in the situation presented by this case, California would not preclude an action for breach of the covenant of good faith simply because Mission was forced to settle the claim against it in order to avoid a lengthy and risky trial. The cost of that trial alone would have exceeded the policy limits, and an ensuing judgment might well have grossly exceeded those limits. See Camelot, 27 Cal.App.4th at 47-48, 32 Cal.Rptr.2d at 361-62. Cases which have required a judgment before an action could be brought have, generally speaking, been driven by a concern that there could be collusion because the insured had nothing to lose as it turned out. See, e.g., Wright v. Fireman's Fund Ins. Cos., 11 Cal.App.4th 998, 1019, 14 Cal.Rptr.2d 588, 600 (1992); Doser v. Middlesex Mut. Ins. Co., 101 Cal.App.3d 883, 893-94, 162 Cal.Rptr. 115, 121 (1980). Here, no such concerns are operative, and there is no reason to think that the California Supreme Court would require an insured to face the dangers that Mission was confronted with when Continental in bad faith refused to settle or to even attend a settlement conference. Cf. Finkelstein v. 20th Century Ins. Co., 11 Cap.App.4th 926, 929-30, 14 Cal.Rptr.2d 305, 306-07 (1992) (insurer not held liable where its refusal to settle was in good faith).
 
 
 6
 3. Continental finally argues that the district court erred when it awarded attorneys fees to Mission. Continental asserts that there was error because Mission did not segregate its fees between those incurred to prove the contract claims and those incurred to prove the breach of covenant of good faith tort claim. Continental correctly asserts that the former are recoverable; the latter are not. See Brandt v. Superior Court, 37 Cal.3d 813, 817, 819, 693 P.2d 796, 798, 800, 210 Cal.Rptr. 211, 213, 215 (1985). However, it is equally true that where the fees in question were incurred to prove the contract claim, recovery is not diminished because the work also helped to prove the tort claim. See Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 129-30, 599 P.2d 83, 86, 158 Cal.Rptr. 1, 4 (1979); see also Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir.1985).
 
 
 7
 Here Mission did not request all of its fees; it expressly indicated that fees for time spent on the bad faith issues alone were not requested. It only asked for fees for work on the contract claim, which also happened to go toward proving the bad faith claim. The district court accepted that characterization. We have no reason to reject it. Thus, the district court did not err when it awarded fees, even if the work inexorably aided Mission in presenting both claims.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3