Filed 10/3/13  Angol v. LA Community College Dist. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MARTHA A. ANGOL, | B239648 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC444404) |
| v. | |
| LOS ANGELES COMMUNITY COLLEGE DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Maureen Duffy-Lewis, Judge.  Dismissed without prejudice.

Solomon T. Harris for Plaintiff and Appellant.

Carlson & Messer, Charles R. Messer and Keith A. Yeomans for Defendants and Respondents Los Angeles Community College District, Los Angeles Trade Technical College, Joseph Ratcliff, Dimitri Lagos, Bradford L. Lawrence, and Kathleen Burke-Kelly.

Kohrs & Fiske, Conrad Kohrs, J. Peter Fiske, and Kenneth P. Scholtz for Defendant and Respondent Kim Bly.

## INTRODUCTION

Plaintiff and appellant Martha Angol (plaintiff) appeals from the trial court's order sustaining demurrers to some, but not all, of the causes of action against most, but not all, of the defendants and respondents. [1] In response to the appeal, defendants argue, inter alia, that because a judgment or order of dismissal has not been entered, plaintiff has appealed from a nonappealable order.

We hold that as to the two institutional defendants, Community College and Trade Technical, the appeal must be dismissed as taken from a nonappealable order because no judgment of dismissal has been entered in favor of those defendants. As to the individual defendants, the appeal must be dismissed because no judgment of dismissal can be entered in their favor until all pending causes of action against them have been resolved.

## PROCEDURAL BACKGROUND

Plaintiff filed a second amended complaint against defendants asserting the following causes of action against the following defendants: a first cause of action against all of the individual defendants—Bly, Radcliff, Lagos, Lawrence, and Burke-Kelly—for fraud; a second cause of action against all defendants for intentional infliction of emotional distress; a third cause of action against the institutional defendants, Community College and Trade Technical, for unpaid wages; a fourth cause of action against Community College, Trade Technical, and Bly for retaliation; a fifth cause of action against all of the individual defendants for deprivation of federal rights under 42 U.S.C. section 1983; and a sixth cause of action against all of the individual defendants for conflict of interest under Government Code sections 1090 and 87100 et seq.

---

[1] The defendants are Los Angeles Community College District (Community College), Los Angeles Trade Technical College (Trade Technical), Joseph Ratcliff, Dimitri Lagos, Bradford Lawrence, Kathleen Burke-Kelly, and Kim Bly. They are collectively referred to as defendants or, at times, the individual defendants and the institutional defendants.

2

In response to the second amended complaint, defendants filed, inter alia, a motion to strike and also demurred to each cause of action in the second amended complaint except Bly, who did not demur to the first cause of action against her for fraud. In a reply brief in support of their motion to strike, defendants, without explanation, voluntarily withdrew that motion as to the sixth cause of action.[2] At the hearing on the demurrers, defendants' counsel confirmed that they had also voluntarily withdrawn their demurrer to the sixth cause of action against all the individual defendants for conflict of interest, a fact that defense counsel reconfirmed at a subsequent hearing. After hearing oral argument, the trial court took the demurrers under submission and subsequently issued a minute order that provided: "All defendants demur to all causes of action except defendant Bly does not demur to the fraud claim. The individuals except Bly move to strike punitive damages. [¶] Demurrer SUSTAINED as to fraud. Failure to plead specific facts as to the fraud cause of action. Failure to show malice on behalf of any of the individuals. *Masters v. San Bernardino County Employees Retirement Association* (1995) 32 Cal.App.4th 30, 42. No leave to amend. [¶] Demurrer SUSTAINED as to intentional infliction of emotional distress. No allegations of extreme and outrageous behavior. *Alcorn v. Anbro Engineering* (1970) 2 Cal.3d 493, 499. No leave to amend. [¶] Demurrer SUSTAINED as to unpaid wages. No leave to amend. [¶] As to retaliation, demurrer SUSTAINED in part and OVERRULED in part. As to [Community College] nor [Trade Technical], they did not retaliate as they never hired plaintiff. As to Bly, plaintiff complained to her that she had done something contrary to public policy then she got fired for that. That is a factual determination. No leave to amend as to the remainder of this cause of action. [¶] *Demurrer as to [the sixth cause of action for] conflict of interest affecting contractual rights and economic advantage withdrawn by defendants.* [¶] Motion to strike is MOOT. [¶] *The only remaining*

_____

[2] The motion to strike the sixth cause of action was based on the same ground as the demurrer to the sixth cause of action—i.e., the cause of action was outside the scope of the leave to amend previously granted by the trial court.

*defendant is Bly* to the first cause of action for fraud and to the fourth cause of action for retaliation." (Italics added.)

Although defendants provided notice of the trial court's ruling on the demurrers, neither they nor plaintiff submitted a judgment or order of dismissal, and no judgment or dismissal order was entered by the trial court. Instead, almost six months from the entry of the minute order on the demurrer, plaintiff filed a notice of appeal that provided that plaintiff was appealing from a "[j]udgment of dismissal after an order sustaining a demurrer."

## DISCUSSION

Defendants contend that because no judgment or order of dismissal has been entered in their favor, plaintiff's appeal is premature as it is taken from a nonappealable order. In her reply brief, plaintiff contends, inter alia, that because the order sustaining the demurrers without leave to amend had the effect of terminating the action as to every defendant except Bly, it is an appealable order that challenges the dismissal of all of plaintiff's claims, except for her fraud and retaliation claims against Bly.

### A. Applicable Legal Principles

#### 1. *Appealability*

"[I]t 'is settled that an order sustaining a demurrer is not appealable. [Citations.]' (*Evans v. Dabney* (1951) 37 Cal.2d 758, 759 [235 P.2d 604].) 'An appeal does not lie from an order sustaining a demurrer without leave to amend [citations], from an order sustaining a demurrer with leave to amend [citation], or from an order granting a motion for judgment on the pleadings [citation].' (*Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425 [38 Cal.Rptr.3d 861].) Instead, an '"order sustaining a demurrer . . . is generally reviewable on appeal from the final judgment in the action." [Citations.]' (*Ibid.*)" (*Lopez v. Brown* (2013) 217 Cal.App.4th 1114, 1132; see also *Lavine v. Jessup*

4

(1957) 48 Cal.2d 611, 614 ["an order sustaining a demurrer without leave to amend is nonappealable, and the appeal must be taken from the ensuing judgment"].)

"Although under certain circumstances we have discretion to permit a premature appeal from a nonappealable order to be treated as timely filed after the ensuing judgment, there is a limit to our willingness to salvage appeals for parties 'who ignore the statutory limitations on appealable orders.' (*Cohen v. Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84].)" (*Good v. Miller* (2013) 214 Cal.App.4th 472, 474.) As the court in *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695-1696 explained, "[I]f we were to exercise our discretion [to treat an appeal from a nonappealable order as taken from a subsequent judgment], we would be doing so contrary to the trend in [the Second Appellate District] and elsewhere to be less indulgent of parties who fail to perfect their rights of appeal. (*Jordan v. Malone* (1992) 5 Cal.App.4th 18, 22 [6 Cal.Rptr.2d 454] ['The trend of recent cases of the Courts of Appeal is to hold appellate counsel to strict account for ensuring that their appeal rights are perfected according to the applicable statutes and rules of court.']; *Modica v. Merin* (1991) 234 Cal.App.3d 1072, 1075 [285 Cal.Rptr. 673] ['Even before the Court of Appeal in the Second District, Division Seven, publicly declared its exasperation with this dolorous state of affairs [of parties attempting to appeal from nonappealable orders in *Cohen v. Equitable Life Assurance Society*[, *supra*,] 196 Cal.App.3d [at p.] 671 [242 Cal.Rptr. 84], this court had abandoned its policy of tolerance. We have long since determined the proper role of an appellate court is to adhere to and apply Code of Civil Procedure section 904.1, not to devise and employ strategies for its wholesale avoidance.']; *Cohen v. Equitable Life Assurance Society*[, *supra*,] 196 Cal.App.3d [at p.] 671 [242 Cal.Rptr. 84] ['We are wearying of "appeals" from clearly nonappealable orders. . . . [¶] [W]e hereby give notice to the bar that henceforth we will no longer bail out attorneys who ignore the statutory limitations on appealable orders.'].)"

### 2. *Required Statement of Appealability*

Pursuant to Rules of Court, rule 8.204(a)(2)(b), plaintiff was required to include a statement of appealability in her opening brief. Although plaintiff included a statement of appealability in her brief, that statement incorrectly asserts that "[t]his appeal is taken from a judgment of dismissal . . . ."

"[The appealability] section of the opening brief is required by a rule of court that was adopted expressly to avoid issues such as that seen in the instant case. (Cal. Rules of Court, rule 8.204(a)(2)(B) [opening brief must '[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable']; [Citation.]. [¶] . . . 'Where an appeal is taken from an order other than a final judgment, [former] rule 13's statement of appealability serves multiple purposes. First, it requires an appellant to make the preliminary and fundamental determination that the order appealed from is, in fact, an appealable order or judgment. [Citation.] Second, it demonstrates both to other parties *and to the Court of Appeal*, before work on the merits of a case is begun, why the order is appealable.' (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556 [101 Cal.Rptr.2d 86] (*Lester*).) A misleading appealability statement merely 'serves the question of appealability onto the court's [or respondent's] side of the net.' (*Lester, supra*, 84 Cal.App.4th at p. 557.)" (*Good v. Miller, supra*, 214 Cal.App.4th at p. 476-477.)

### B. Analysis

As an initial matter, we note our discretion to strike an opening brief for failure to include an adequate statement of appealability. (*Lester, supra,* 84 Cal.App.4th at p. 557.) Here, plaintiff's statement of appealability is not only inadequate, it is not accurate. On that basis alone, we would be justified in dismissing the appeal.

But even if we ignore plaintiff's deficient statement of appealability, we must nevertheless conclude that she has appealed from a nonappealable order. As to the institutional defendants, Community College and Trade Technical, the order sustaining the demurrers to all the causes of action asserted against them would appear to entitle

those two defendants, and only those two defendants, to a judgment of dismissal; but no such judgment has been entered. (See *Justus v. Atchison* (1977) 19 Cal.3d 564, 568 [in cases involving multiple parties, a party may appeal from a judgment that leaves no issue to be determined as to that party].) Thus, unless and until a judgment in favor of those institutional defendants is entered by the trial court, plaintiff cannot appeal from the nonappealable order sustaining the demurrers. And, based on the authorities discussed above regarding our discretion to treat the appeal as taken from a yet to be entered judgment or dismissal order, we will not "salvage" the appeal as it relates to Community College and Trade Technical absent a final judgment in those parties' favor.

As to the individual defendants other than Bly, plaintiff has also appealed from a nonappealable order and, unlike the institutional defendants, there is serious question whether the order sustaining the demurrers resolved all the claims asserted against them and, therefore, whether they are entitled to the entry of a judgment of dismissal in their favor. (See *Tenhet v. Boswell* (1976) 18 Cal.3d 150, 153 ["A party may not normally appeal from a judgment on one of his causes of action if determination of any remaining cause is still pending"].) As explained above, defendants voluntarily withdrew their demurrer to the sixth cause of action as evidenced by the reporter's transcript of the hearing on the demurrers and the trial court's subsequent minute order. As a result, the subsequent statement in the minute order that the "only remaining defendant is Bly" appears to be factually and procedurally incorrect. Given the record of the oral proceedings on the demurrers and the trial court's express acknowledgement in its minute order that defendants had voluntarily withdrawn their demurrer to the sixth cause of action, there is an issue as to whether the order sustaining the demurrers would entitle the individual defendants named in the sixth cause of action to entry of judgments in their favor. Based on the record, plaintiff would have the right to object to the entry of any proposed judgment in favor of those defendants on the grounds that the order on the demurrers did not resolve all the claims against them, i.e., the order did not resolve the sixth cause of action against all individual defendants.

7

As to Bly, there is no dispute that the order sustaining the demurrers did not resolve all the claims asserted against her and that plaintiff has again appealed from a nonappealable order. The appeal relating to Bly is therefore also subject to dismissal.

In her respondent's brief, Bly requests that we treat that brief as a peremptory writ and review the trial court's subsequent order denying Bly's motion for judgment on the pleadings. According to Bly, because all the interested parties are before the court on appeal, the record contains all necessary documents, the issues in the writ are intertwined with the issues on appeal, and the proceedings below are stayed by stipulation, the interests of justice would be served by resolving the issues raised by the proposed writ at the same time as the issues raised on appeal. Because we are dismissing the appeal in its entirety, we decline the invitation to treat Bly's opening brief as a request for a peremptory writ and review the order denying Bly's motion for judgment on the pleadings.

Accordingly, the appeal, as it relates to all the defendants, is dismissed and the matter remanded to the trial court for further proceedings consistent with this opinion.

## DISPOSITION

The appeal is dismissed without prejudice.  Each party shall bear its, his, or her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MOSK, J.

We concur:


TURNER, P. J.


KRIEGLER, J.